**NEW DEAL LUMBER AND MILLWORK COMPANY, INC.**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.**

Civ. A. No. 72–1568.

United States District Court, E. D. Pennsylvania.

June 8, 1973.

Lawrence C. Hutchings, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for plaintiff.

John P. Penders, Marshall, Dennehey & Warner, P.A., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This case is presently before the Court on cross-motions for summary judgment. The parties have agreed to the following relevant facts.

The plaintiff, New Deal Lumber and Millwork Company, Inc. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania. The defendant, American Mutual Liability Insurance Company, is incorporated in the state of Massachusetts and has its principal place of business in Wakefield, Massachusetts.

On May 4, 1967, Robert Clark, an employee of New Deal Lumber and Millwork Company, Inc., delivered twenty sheets of sheet rock to 959 N. 5th Street in Philadelphia, Pennsylvania. The delivery occurred between 12 and 12:30 p. m., and the twenty sheets of sheet rock were stacked against the north wall of the first floor hallway across from or adjacent to the entrance to the apartment occupied by Reina and Vincent Suren. At 6:30 p. m. on May 4, 1967, while standing in the hallway in front of her apartment door engaging in a conversation with her neighbor, Evelyn Valles, Mrs. Suren was struck by the twenty sheets of sheet rock referred to above. Mrs. Suren suffered personal injuries as a result of the sheet rock striking her. She and her husband filed suit against the plaintiff, New Deal Lumber and Millwork Company, Inc., as defendant in the Court of Common Pleas, February Term 1968, No. 1136.

Prior to May 4, 1967, defendant issued to plaintiff what was called a "Basic Liability Policy" (the "Policy"), which afforded plaintiff insurance coverage for both automobile liability and general liability.

More particularly, the Policy provided as follows:

"I. COVERAGE C—BODILY INJURY LIABILITY

COVERAGE D—PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

COVERAGE C. BODILY INJURY

or

COVERAGE D. PROPERTY DAMAGE

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."

Coverage under the Policy was limited to $100,000 for bodily injury liability to each person who might be injured. "Automobile" was defined in the Policy to mean "a land motor vehicle, trailer or semi-trailer, designed for travel on public roads . . . .".

The Policy also provided that defendant would pay on behalf of the insured all sums which the insured might become legally obligated to pay as damages because of bodily injury caused by an occurrence not arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile. The limit of liability under this provision of the Policy was also $100,000, and "auto-

mobile" was defined to mean a land vehicle. The Policy further provided that the company had the right and duty to defend any suit against the insured on account of such bodily injury.

Pursuant to the terms of the Policy, the plaintiff duly notified defendant of the Surens' suit and sent defendant a copy of the complaint which was filed against New Deal Lumber and Millwork Company, Inc. by reason of Mrs. Suren's accident. Thereafter, defendant notified plaintiff that plaintiff was not covered for the accident under the Policy, either under the loading and unloading provision of the automobile liability coverage or under the provision affording general liability coverage. Defendant also stated that it would not defend plaintiff against the claim asserted by Mr. and Mrs. Suren.

On May 5, 1972, the suit brought by the Surens against New Deal Lumber and Millwork Company, Inc. went to trial before a jury and the Honorable Fred DiBona of the Court of Common Pleas of Philadelphia County. Following the presentation of evidence by plaintiffs in that action, the case was settled and compromised by New Deal Lumber and Millwork Company, Inc. by the payment to the Surens of the sum of $23,000. This settlement was fair and reasonable for the purpose of this litigation. In addition, by reason of conduct of defendant as described above, plaintiff was required and became obligated to pay its attorneys a total of $3,114.50 for their legal services and to expend the sum of $140.20 in costs. These legal fees and costs were reasonable under the circumstances.

■ The only issue to be answered in these cross-motions for summary judgment is whether or not there is a connection between the accident and the use of the vehicle insured under the facts of this case. We are of the opinion that there was such a connection and accordingly we will enter summary judgment in favor of plaintiff.

The defendant's main contention is that under Pennsylvania law, it cannot be held in for indemnity purposes under the insurance contract because the actual delivery of the sheet rock had taken place some six hours prior to the accident. This time lapse is disturbing at first blush but the problem is resolved after considering the factual situations to which the Pennsylvania Rule has been applied in the past. See Kaufman v. Liberty Mutual Insurance Co., 264 F.2d 863 (3rd Cir. 1959). There is little doubt that defendant would be liable if the sheet rock had fallen on Mrs. Suren at 12:31 p. m. instead of six hours later. And because nothing happened within the six hour period under the facts of the case presented to us which would operate as an intervening cause of the fall of the sheet rock, we must conclude that the manner of unloading was a proximate cause of the accident.

■ We believe this is a reasonable interpretation of this insurance contract and one which was within the contemplation of the parties at the time the contract was entered into. We further note that the defendant is the party who included the words "arising out of . . . the use, including loading and unloading of any automobile . . . ." and any ambiguity in this language should be resolved in plaintiff's favor.

## ORDER

And now, to wit, this 8th day of June, 1973, it is hereby Ordered that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

It is further Ordered that judgment be entered in favor of plaintiff, New Deal Lumber and Millwork Company, Inc., and against defendant, American Mutual Liability Insurance Company, in the amount of $26,254.70, with costs, to be taxed by the Clerk in favor of plaintiff and against defendant.

It is so ordered.