415 So.2d 264 (1982)
James F. COPES, et al., Plaintiffs-Appellants,
v.
COPELAND BUILDING SUPPLY, INC., et al., Defendants-Appellees.
No. 14808.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
*265 Hamilton & Carroll by Orlando N. Hamilton, Jr., Oak Grove, for plaintiffs-appellants.
Cooper & Loftin by Lowen B. Loftin, Rayville, for Copeland.
Theus, Grisham, Davis & Leigh by J. Bachman Lee, Monroe, for defendant-appellee American Ins.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
In this tort action plaintiff, James Copes, individually and for the benefit of his minor daughter, Sonia, appeals a judgment which awarded damages in the amount of $2,331.07 against Copeland Building Supply, Inc. for injuries to Sonia and medical expenses incurred for the treatment of those injuries. The judgment rejected plaintiff's demands against Copeland's insurer. On appeal, through two specifications of error, appellant complains of the trial judge's failure to render judgment against American Insurance Company, defendant and insurer of Copeland, the defendant held liable, and the inadequacy of the award of only $2,000 in general damages for Sonia's injuries. We amend and affirm.
The plaintiff had contracted with Copeland for remodeling work on his home at Pioneer, Louisiana. That work was in progress on March 3, 1976. The Copes family, composed of plaintiff and his wife and three daughters, Sonia, who was then eleven years old, and two older daughters, Judy and Kim, continued to reside in the house during the remodeling.
On the morning of March 3rd, when plaintiff left for work at approximately 8:00 a. m., there was no sheetrock stacked at his home. Sometime during the day Copeland delivered by truck eighteen bundles of sheetrock to the Copes' home. The sheetrock was 4' X 8' and ½" thick. Each sheet weighed from 30-35 pounds and there were two sheets per bundle.
When Sonia and her sisters returned from school at about 3:30 p. m. the sheetrock was stacked in a hall being formed by an existing wall of their home and a wall of a new bedroom being added to the house. The new wall at that time was only studs. The sheetrock was stacked leaning against the stud wall with the long edge horizontal.
Sonia walked through the hall several times that afternoon without incident. At around 4:00 or 4:30 p. m. the workmen left the job. Sometime after that as Sonia walked by the sheetrock she observed that one bundle had started to fall. As Sonia tried to grab the falling bundle the rest of the sheetrock fell against her and pinned her against the existing wall.
After her sisters freed her from the fallen sheetrock they took Sonia to her mother's place of employment and she was then taken to the Delhi Clinic. It was determined that both bones in Sonia's right forearm were broken. The fractures were set by a closed reduction and Sonia's arm was placed in a long cast. She was kept in the clinic overnight for observation.
*266 Plaintiff brought this action against Copeland, the contractor, and American Insurance Company, the liability insurer of the Copeland trucks used to deliver the sheetrock.
Plaintiff contended that the accident resulted from negligence in the unloading of the sheetrock from the trucks and that both Copeland and American were liable for Sonia's injuries. After a trial on the merits the district judge found that the accident was caused by negligence in stacking the sheetrock and rendered judgment against Copeland.
The doctrine of res ipsa loquitur is applicable to this accident. Mercer v. Tremont & G. Ry. Co., 19 So.2d 270 (La.App.2d Cir.1944); Spurlock v. Boyce-Harvey Machinery, 90 So.2d 417 (La.App.1st Cir.1956). The sheetrock was under the actual and constructive control of Copeland, who had delivered it to the Copes' home and stacked it in the hall constructed by it in the remodeling of the house. The sheetrock was placed there for use by Copeland's employees in the completion of a new bedroom being added to the house. The falling of the sheetrock was an accident which ordinarily does not occur in the absence of negligence. The evidence of the circumstances surrounding the stacking of the sheetrock was more readily accessible to Copeland than to the plaintiff because Copeland's employees unloaded the truck. The occurrence of the accident created a presumption that it occurred because of the negligence of Copeland's employees who stacked the sheetrock and Copeland did not rebut the presumption created by the application of the doctrine of res ipsa loquitur.
In Mercer, supra, the court applied res ipsa loquitur to find liability where a stack of railroad car wheels fell upon plaintiff, and in Spurlock, supra, the doctrine was applied to find liability where a stack of motor grader blades fell upon plaintiff's foot.
The trial judge's finding of liability on the part of Copeland for Sonia's injury was correct.
The district judge found that plaintiff had failed to prove coverage and dismissed his demands against the insurer. Plaintiff then took this appeal. Copeland did not appeal nor answer the appeal. Only American, among the appellees, filed a brief.
The plaintiff sets out two specifications of error: (1) that the trial court erred in concluding the accident was not covered by the policy issued by American, and (2) that the trial court erred by awarding inadequate damages for Sonia's injuries.
SPECIFICATION # 1
American's policy insured against damages:
"... arising out of the ownership, maintenance or use, including loading and unloading..."
of the trucks.
The issue here is did the accident which injured Sonia arise out of the unloading of the trucks? It is plaintiff's burden to establish that it did in order to recover from the insurer. B.T.U. Insulators, Inc. v. Maryland Casualty Co., 175 So.2d 899 (La. App.2d Cir. 1965).
The test for coverage under an "unloading" clause is whether, under the particular facts involved, the act causing injury constituted a part of the "unloading" process as that term is commonly understood. Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968). Thus, the inquiry becomes was the negligent stacking of the sheetrock in the hall a part of the "unloading" process? The trial judge was clearly wrong in failing to so find. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial judge's reasons for judgment show that he was troubled by the lack of detailed proof as to how the unloading was done and the lapse of time between the unloading and the accident.
Mr. Will Scott, who was employed by Copeland on the Copes' job, testified as follows:
"Q. I see. The day after Sonia got hurt, were you on the job?
A. Yes, sir.
Q. Did you see the sheetrock at that time?

*267 A. I believe I did.
Q. Was it in the hall?
A. Yeah.
Q. Was it the same place that ya'll had unloaded it and stacked it?
A. Yeah.
Q. It had not been moved any from that location?
A. No, sir.
Q. Alright. So it's fair, then, to say that the ... the material came out on the truck; ya'll stacked it in the hall; it fell on the little girl, apparently, although you didn't see this, and the next time you saw it it was right where it had been before it fell?
A. Seemed like to me it was.[1]
* * * * * *
Q. Alright. Do you recall when ya'll left and when the sheetrock was stacked as to how it was stacked?
A. Say how it was stacked?
Q. Yes.
A. It was laid up side the wall, like that.
Q. It was leaned against the wall?
A. Leaning against the wall." [Tr.107-108]
The quoted testimony of Scott established that the sheetrock was removed from the truck and taken directly to the hall where it was stacked leaning against the stud wall. There is not the slightest indication in Scott's testimony or elsewhere in the record that the sheetrock was removed from the truck and placed in some location other than the hall and then later stacked in the hall where it fell upon Sonia.
The unloading process for which coverage is provided in the policy included stacking the sheetrock in the hall.
Coverage is not precluded by the passage of time between the unloading and the injury. The coverage applies to injuries "arising out of the ... unloading ..." of the trucks. It is not required that the injury be contemporaneous with the unloading. Here the negligent act, the stacking, was a part of the unloading. Even though that negligence did not cause injury until from two to ten hours later[2] that injury still arose out of the negligence in the unloading.
No Louisiana case with similar facts has been cited to us and we have found none. However, our conclusion is strongly supported by the jurisprudence of other states and the federal courts.
The court in Raffel v. Travelers Indemnity Co., 141 Conn. 389, 106 A.2d 716 (1954), found coverage by the loading and unloading provisions of a policy under these facts. A heavy roll of linoleum was delivered to a home and the driver then negligently leaned the linoleum against the house. Sometime later in the day after the driver had left the premises the roll of linoleum fell upon a ten year old girl and seriously injured the child.
Coverage was also found under the loading and unloading provisions of a policy in American Auto Ins. Co. v. Master Bldg. Supply & Lbr. Co., 179 F.Supp. 699 (D.Md. 1959). In American Auto the insured's driver delivered building materials, including sheetrock, to the insured's customer. The driver carried the sheetrock into the customer's cellar where he stacked it leaning against a storage closet. Some four hours later the sheetrock fell on the customer injuring her leg.
The facts of New Deal Lbr. & Mill. Co., Inc. v. American Mut. L. Ins. Co., 359 F.Supp. 738 (E.D.Pa.1973),[3] are as follows. Plaintiff's employee delivered twenty sheets of sheetrock to an apartment building where he stacked them against a wall in *268 the hall. Six hours later the sheetrock fell on a resident of the building, who was standing in the hall, injuring her. The court found there would be coverage under the loading and unloading provisions of plaintiff's liability insurance.
In Dodson v. Key, 508 S.W.2d 586 (Ky. 1974), the court found there would be coverage under the loading and unloading provisions of a policy under these facts. A load of sheetrock was delivered to the Key home by employees of the insured. The employees stacked the sheetrock against the wall of a porch. Twenty-four hours later Ruth Key was injured when she and her sister-in-law attempted to remove one sheet from the stack and the whole stack fell upon her.
The case of Fertitta, supra, relied upon by American in its brief is not contra to the decisions cited by us for the reason that no coverage was found in Fertitta because the accident occurred after the unloading process was complete and while the sign which had been unloaded was being installed. Fertitta would have precluded coverage here if Sonia had been injured by a piece of sheetrock that fell while it was being nailed to the ceiling of the new bedroom. Fertitta mandates coverage here because it clearly established the rule that coverage under the unloading clause exists where negligence in the unloading process causes the injury.
Sonia testified that neither she nor her sisters had touched the sheetrock or did anything to cause it to fall. The reason it fell was because of the manner in which it was stacked during the unloading process. We conclude that Sonia's injury arose out of the unloading of the truck and that, therefore, it is covered under the policy issued by defendant, American Insurance Company.
SPECIFICATION # 2
We now turn to plaintiff's contention that the trial judge's award of $2,000 is inadequate for Sonia's pain, suffering and disability.
Our initial inquiry is whether the award for this injury to this person is a clear abuse of the trial judge's much discretion. Reck v. Stevens, 373 So.2d 498 (La. 1979).
Sonia was eleven at the time of the accident. Her recovery was good and generally without pain after her arm was placed in the cast. Sonia missed only one day of school due to her injury. The injury did inconvenience her and kept her from playing basketball, a sport she greatly enjoyed.
The residual effects of her injury make it difficult for Sonia to turn the palm of her right hand completely up. However, the totality of the testimony of her treating physician was to the effect that she had only very minimal permanent residual disability in her arm as a result of the injury.
On our review of the record, we find the award to be very low for Sonia's injuries, but we cannot say that it is a clear abuse by the trial judge of his much discretion, and, therefore, we may not disturb the award. Reck, supra.
The judgment of the district court is AMENDED to cast American Insurance Company liable, in solido, with Copeland Building Supply, Inc., and AFFIRMED. All costs of this appeal are taxed against defendants-appellees.
NOTES
[1] The sheetrock was not in a fallen position when Scott arrived the next day because two young men who were friends of the Copes girls had raised it back to its original position when they came over after the accident.
[2] The exact time the sheetrock was unloaded is not known. However, it had to be between the time plaintiff left home and his daughters returned from school. Thus, we can determine that probably at least two, but no more than ten, hours passed between the unloading and the accident.
[3] Affirmed without a published opinion. 491 F.2d 750 (3d Cir. 1974).