MERIT INSURANCE COMPANY, Plaintiff-Appellant, v. PARENT BUILDING MATERIALS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 86—2657

Opinion filed November 30, 1988.

Bresler, Brenner & Moltzen, of Chicago (Sheldon A. Brenner and Edward W. Moltzen, of counsel), for appellant.

Paula Brooks Tarr, of Wheeling, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Merit Insurance Company (Merit) appeals from a grant of summary judgment in favor of defendant Parent Building Materials, Inc. (Parent). We affirm the trial court's judgment.

In January 1980, Parent's employees transported sheets of plasterboard in Parent's trucks to a construction site. Parent was not an owner or the general contractor for the construction project. Parent's only involvement was the sale and delivery of the material. Once at the site, Parent's employees unloaded the plasterboard, placed it at its designated reception point and departed.

Kenneth Baker was employed by one of the subcontractors working on the construction project. Approximately one day after Parent completed its delivery, Baker was allegedly injured when the stack of plasterboard that Parent delivered fell on him. Baker filed a lawsuit against Parent in the circuit court of Cook County seeking damages for negligence. Parent's liability, if any, is alleged by Baker to stem from: (1) its failure to provide Baker with a safe place in which to work; (2) its failure to exercise control of the construction with reasonable care; and (3) its failure to properly stack the plasterboards.

Because Merit had issued an insurance policy to Parent, Parent tendered the defense of Baker's lawsuit to Merit. Merit accepted the defense under a reservation of rights. Merit thereafter filed a lawsuit

in the circuit court of Cook County seeking a declaratory judgment that the insurance policy issued to Parent did not provide liability coverage for the occurrence in which Baker was allegedly injured. Both Merit and Parent argued motions for summary judgment. Following argument, the trial court granted summary judgment in favor of Parent. This appeal followed.

The policy issued by Merit is a "General-Automobile Liability Policy." The policy consists of two main categories of coverage, comprehensive automobile liability (auto liability) and comprehensive general liability (general liability). The auto liability portion of the policy contains the following endorsement:

> "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> * * *
>
> C. bodily injury or
> D. property damage
>
> to which this insurance applies, caused by an occurrence and *arising out of* the ownership, maintenance or use, including *loading and unloading,* of any automobile ***." (Emphasis added.)

It is Merit's position that when proper meaning is given to the loading and unloading clause of the policy, no coverage exists for the occurrence in which Baker allegedly sustained injuries. Merit argues that not only had the unloading been completed but because the incident did not occur during nor did it arise out of the unloading, no coverage is afforded. We find this position untenable.

The issue before this court is not, as Merit argues, whether the incident occurred during the unloading process or whether the unloading had been completed. To the contrary, the issue is whether allegedly negligent unloading which results in an injury long after the unloading has been completed is afforded coverage under the loading and unloading provision of an automobile liability insurance policy. The applicability of the "loading and unloading" clause of a motor vehicle insurance policy to a situation such as that involved herein has not been specifically ruled upon by the courts of this State. Thus, for a proper understanding of this issue we will discuss the current status of "loading and unloading" clauses as interpreted by Illinois courts.

■■ As a general rule, if an accident is deemed to come within the coverage of a "loading and unloading" clause of an insurance policy, that accident must have occurred during the process of loading and unloading the vehicle in question and must be causally connected with

the act of loading or unloading. (*Toler v. Country Mutual Insurance Co.* (1984), 123 Ill. App. 3d 386, 389, 462 N.E.2d 909, 912.) To properly determine what constitutes loading and unloading, Illinois courts have adopted the "complete operations doctrine." (*Estes Co. v. Employers Mutual Casualty Co.* (1980), 79 Ill. 2d 228, 233, 402 N.E.2d 613, 615-16.) This doctrine covers the entire process involved in moving the goods and includes all of the operations necessary to effect a completed delivery. *Woodside v. Gerken Food Co.* (1985), 130 Ill. App. 3d 501, 505, 474 N.E.2d 771, 774.

On the other hand, to properly determine if an accident is causally connected with the act of loading or unloading, proximate causation in its strict legal sense is not required. The loading or unloading that constitutes the vehicle's use need not be the sole cause of the accident. Nor is geographical proximity of the delivery vehicle to the injured party the sole determinant of the causation issue. What is determinative is whether the accident in question arose out of the defective delivery or would not have occurred but for that defective delivery. (*Woodside,* 130 Ill. App. 3d at 507, 474 N.E.2d at 775.) Thus, it is sufficient that the events giving rise to the claim arose out of the vehicle's use and are related to it. *Woodside,* 130 Ill. App. 3d at 507, 474 N.E.2d at 775.

The facts of the instant case reveal that Parent unloaded the plasterboards and stacked them at the construction site. For some reason yet to be determined by the trial court, the plasterboards fell over and allegedly injured Baker. Baker then filed suit alleging, *inter alia,* that Parent's negligent stacking of the plasterboards resulted in his injuries.

Merit argues and we agree that the unloading process was completed at the time of Baker's alleged injuries. However, the cases which have given meaning to "loading and unloading" clauses and upon which Merit relies address the issue of when the unloading process is completed and *not* what happens when the unloading is completed, but is done so negligently. See *Estes Co. v. Employers Mutual Casualty Co.* (1980), 79 Ill. 2d 228, 402 N.E.2d 613; *Liberty Mutual Insurance Co. v. Hartford Accident & Indemnity Co.* (1958), 251 F.2d 761; *Woodside v. Gerken Food Co.* (1985), 130 Ill. App. 3d 501, 474 N.E.2d 771; *Toler v. Country Mutual Insurance Co.* (1984), 123 Ill. App. 3d 386, 462 N.E.2d 909.

■■ Although no Illinois case has delineated a standard, we believe that the case of *Copes v. Copeland Building Supply, Inc.* (La. App. 1982), 415 So. 2d 264, delineates the proper standard to apply when there is an allegation of a completed but negligent unloading.

The *Copes* court stated:

> "The test for coverage under an 'unloading' clause is whether, under the particular facts involved, the act causing injury constituted a part of the 'unloading' process as that term is commonly understood. [Citation.] Thus, the inquiry becomes was the negligent stacking of the sheetrock \*\*\* a part of the 'unloading' process?" 415 So. 2d at 266.

When a negligent act is involved, we do not believe that any alleged injury must be contemporaneous with the unloading. Applying this reasoning to the instant case, if the negligent act was the stacking of the plasterboards, that negligent stacking was a part of the unloading process. Thus, even though Baker's alleged injuries did not occur until one day after the plasterboards had been stacked, if the injury arose out of a negligent unloading, then coverage would exist under the insurance policy. This conclusion is supported by similar holdings in other jurisdictions. See *Raffel v. Travelers Indemnity Co.* (1954), 141 Conn. 389, 106 A.2d 716; *American Automobile Insurance Co. v. Master Building Supply & Lumber Co.* (D. Md. 1959), 179 F. Supp. 699; *New Deal Lumber & Mill Co. v. American Mutual Liability Insurance Co.* (D. Pa. 1973), 359 F. Supp. 738; *Dodson v. Key* (Ky. App. 1974), 508 S.W.2d 586.

Moreover, applying the analysis of Illinois courts for establishing a causal connection between the accident and the unloading process, this accident would not have occurred but for the allegedly defective delivery. We note that this conclusion is in no way determinative of whether Parent was in fact negligent in causing any injuries to Baker. Our conclusion merely establishes that Merit is bound to represent Parent under the "loading and unloading" clause of the auto liability section of the insurance policy where the unloading was completed but alleged to have been completed negligently.

In light of the fact that we have determined that coverage exists for Parent under the auto liability section of the policy, we need not determine as Merit further argues whether coverage exists under the general liability section of the policy. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

WHITE, P.J., and FREEMAN, J., concur.