JONES, Judge.
Plaintiff brought suit against Louisiana Power and Light Company, claiming damages arising from defendant having disconnected plaintiffs electrical service for a short period of time. The lower court granted defendant’s motion for a summary judgment and dismissed plaintiff’s suit. Plaintiff appeals and we affirm.
Plaintiff and his former wife obtained electrical service in plaintiff’s name from defendant in 1973. Because of a marital dispute, plaintiff left the marital domicile in January, 1974. When service was terminated to the domicile in July, 1974, there remained an unpaid balance of $51.43. In May, 1975, plaintiff’s present wife obtained electric service in plaintiff’s name. When plaintiff and his wife returned to defendant’s offices several weeks later in connection with a billing problem, plaintiff was approached by an employee of defendant concerning the unpaid amount of his earlier account. When plaintiff stated this bill was incurred by his former wife after he left the marital domicile and he would not pay it, defendant’s employees told plaintiff if left unpaid this past due amount would be added to his current electric bill.
When plaintiff received his October electrical bill it included $51.43 as a past due balance. Attached to the bill was a “Notice of Past Due Account”, which stated that plaintiff’s electrical service would be disconnected if the past due amount was not paid by October 17. Plaintiff contacted his attorney who wrote defendant concerning the dispute. Defendant did not reply, and when plaintiff had not paid the bill timely, defendant disconnected plaintiff’s electrical service. The electrical service remained off from approximately 10:00 A.M. until 6:30 or 7:00 P.M. Electrical service was resumed only after plaintiff paid the past due bill.
Plaintiff filed suit, asking for $10,000 in general damages for inconveniences, humiliation, and damage to credit reputation. Special damages were claimed by plaintiff for meat stored in a freezer which plaintiff’s family was forced to prematurely consume because it had thawed.
After depositions were taken of plaintiff and his present wife, defendant moved for a summary judgment. Attached to the motion were affidavits and certified copies of orders of the Louisiana Public Service Commission.
The depositions, affidavits and orders established plaintiff had previously obtained an account with defendant and $51.43 was still due on that account; plaintiff never informed defendant at the time he left his marital domicile that he no longer lived there and would not be responsible for any *996 amounts incurred for services rendered to his former residence; plaintiff was notified of this past due balance shortly after opening a new account with defendant; after plaintiff had been notified of this past due amount, the unpaid balance was transferred to plaintiff’s current account; defendant followed the regulations of the Louisiana Public Service Commission in notifying plaintiff service would be discontinued if the past due amount was not paid; electrical service to plaintiff’s residence was discontinued on October 21,1976 and after the previous balance of $51.43 was paid, service was restored on October 21. Plaintiff offered no affidavits or other sworn statements in opposition to defendant’s motion.
When plaintiff contracted with defendant to supply electrical service, he remained under an obligation to pay for all services rendered until he notified defendant that he was no longer responsible for services rendered to that address or until defendant received knowledge of facts which would reasonably lead to that conclusion. Cf. Neiman-Marcus Company v. Viser, 140 So.2d 762 (La.App., 2d Cir. 1962); Alphonse Brenner Company, Inc. v. Dickerson, 283 So.2d 849 (La.App., 2d Cir. 1973). The affidavits offered by defendant in support of the motion for summary judgment expressly state neither defendant nor its employees were given notice of plaintiff’s intent to remove himself from liability on the account standing in his name. Plaintiff admits in his deposition that he gave no such notice. The affidavits also expressly state neither defendant nor its employees were aware of any facts which would have indicated plaintiff would not have intended to remain liable on his account.
Plaintiff could not rest on mere allegations or denials in his pleadings to negate statements in defendant’s affidavits. LSA-C.C.P. Art. 967.[1] Since plaintiff did not establish there was a genuine issue of material fact, the trial court correctly found defendant established it was entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. See Sawyer v. Central Louisiana Electric Company, 136 So.2d 153 (La.App., 3d Cir. 1961).
For the foregoing reasons, the judgment of the trial court is affirmed, appellant to pay all costs.
Affirmed.

. * * * * * *
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
* * * * * *