561 So.2d 926 (1990)
Harold Gene MORGAN and Bonnie Jane Morgan, Plaintiffs-Appellants,
v.
CAMPBELL, CAMPBELL & JOHNSON, Defendant-Appellee.
No. 21472-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
*927 Booth, Lockard, Politz, LeSage & D'Anna by Nyle A. Politz, Shreveport, for plaintiff's-appellants.
Campbell, Campbell & Johnson by Cecil P. Campbell and Mark O. Foster, Minden, for defendant-appellee.
Before HALL, FRED W. JONES, Jr., and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Plaintiffs, Harold Gene and Bonnie Jane Morgan, appeal a summary judgment rendered against them and in favor of Campbell, Campbell & Johnson, a law firm. We *928 reverse and remand the matter to the district court for further proceedings.

FACTS
The Morgans, husband and wife, agreed to loan Henry and Peggy Lacobee $370,000, to be secured by a mortgage on certain real estate and movables located in Webster Parish. Plaintiffs retained the services of Cecil P. Campbell and the law firm of Campbell, Campbell & Johnson to prepare the appropriate documentation for the transaction.
Pursuant to information provided by the Morgans, Mr. Campbell prepared a promissory note, the payment of which was to be secured by an instrument entitled "Mortgage Act with Homestead Waiver." That document described the mortgaged property as follows:

Township 23 North, Range 9 West Section 35: The east half of northeast quarter; northeast quarter of southeast quarter; the east 15 acres of northwest quarter of southeast quarter; also

Section 36: 72 acres, more or less, described as a tract beginning at the Northwest corner of the Northwest Quarter of Northwest Quarter, section 36, Township 23 North, Range 9 West; and thence East to Indian Creek; thence run in a Southwesterly direction with said creek to the section line between Section 35 and Section 36; thence run North to the point of beginning, being located in the West half of Northwest Quarter of Section 36, Township 23 North, Range 9 West, containing in the aggregate 207 acres, more or less, located in Webster Parish, Louisiana, with all improvements thereon and all rights thereto belonging; also
All cows, heifers, bulls and the increase thereof and additions thereto now owned and as may be hereafter acquired by mortgagors located on the lands hereinabove described, said cattle herd now consisting of approximately 500 head; also
All tractors, harvesters, hay balers, dairy farm equipment, machinery and tools now owned by mortgagors or which may be hereafter acquired and which are now or hereafter may be located on the lands above described.
The mortgage was executed on August 25, 1983 and filed with the Clerk of Court of Webster Parish four days later. The document was duly recorded in the mortgage records; it was not, however, ever recorded in the chattel mortgage records.
About three years later, when the Lacobees sought protection under Chapter 12 of the Bankruptcy Code in the United States Bankruptcy Court, the Morgans filed a proof of claim for $479,957.62 in the proceedings. Counsel for the Lacobees objected, asserting the Morgans did not have a perfected security interest to the movables, and requesting that that portion of the claim be reclassified.
After various hearings, the bankruptcy judge held that the Morgans did not have a secured interest in the movables inasmuch as the failure to record the mortgage document in the chattel mortgage records rendered it ineffective as to third persons. Accordingly, this portion of their claim was ordered reclassified.
The Morgans subsequently filed the present suit, seeking damages of $96,000, the sum allegedly lost in the bankruptcy proceedings due to failure to have a perfected security interest in the movables. The defendant law firm moved for summary judgment, asserting there was no deficiency in the description of movables and that the filing of the act of mortgage with the proper office rendered it effective as to third persons, whether or not the clerk recorded the document in the chattel mortgage records. Defendant also asserted that, since plaintiffs actually compromised their claim in bankruptcy court, they cannot now complain of their failure to recover the full amount of their claim.
In opposing summary judgment, the Morgans filed 13 documents from the bankruptcy proceedings to show they did not voluntarily compromise their claim against the Lacobees, but were forced to accept an inferior position as a result of the bankruptcy judge's rejection of the identical argument, as now posed by defendant, concerning *929 the chattel mortgage's effectiveness. They further maintained that, absent a showing that the clerk was instructed to file the instrument in the chattel mortgage records, the blame cannot shift to that official. Instead, the Morgans asserted they had an unperfected security interest in the cattle and farm equipment as a result of the failure by defendant to have the chattel mortgage adequately recorded so as to affect third persons.
After hearing the motion, the trial court granted summary judgment and dismissed the claims against Campbell, Campbell & Johnson. This appeal ensued.

DISCUSSION
Of course, the legal principles regarding summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This is a difficult burden. Only when reasonable minds must inevitably concur is summary judgment warranted, and any doubt should be resolved in favor of trial on the merits. Sargent v. La. Health Serv. & Indem. Co., 550 So.2d 843 (La.App. 2d Cir.1989); Ebarb v. Erwin, 530 So.2d 1166 (La.App. 2d Cir. 1988). The mover's pleadings, affidavits and documents are to be scrutinized closely while those of the opponent are to be indulgently treated. Toole v. Tucker, 519 So.2d 348 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1156 (La.1988).
Summary judgment should not be utilized as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for entering summary judgment. Adams v. Traveler's Ins. Co., 420 So.2d 507 (La.App. 2d Cir.1982), writ denied, 422 So.2d 426 (La.1982). A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts such as motive, intent, good faith, and knowledge. Rogers v. Johnson, 557 So.2d 1136 (La.App. 2d Cir.1990); New South Advertising v. Krock-O-Cheese, Inc., 486 So.2d 1115 (La. App. 2d Cir.1986); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983). Nor is summary judgment appropriate for the disposition of a case in which the ultimate decision will be based on opinion evidence. Dixon v. Perlman, 528 So.2d 637 (La.App. 2d Cir.1988); Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 164 (La. 1982).
An attorney is obligated to exercise at least that degree of care, skill and diligence exercised by prudent attorneys practicing in his community or locality. He is not required to exercise perfect judgment in every instance, but his license to practice and his contract for employment hold out to the client that he possesses certain minimal skills, knowledge and abilities. Ramp v. St. Paul Fire and Marine Ins. Co., 263 La. 774, 269 So.2d 239 (La. 1972); Gifford v. New England Reinsurance Corp., 488 So.2d 736 (La.App. 2d Cir.1986).
Expert testimony is admissible to establish the standard of care exercised by attorneys in the locality. In certain cases, the opinion of experts may be essential to prove the standard of care an attorney must meet. In other cases where the trial court is familiar with the standards of practice in its community, or where the attorney's conduct obviously falls below any reasonable standard of care, the assistance of expert testimony may be unnecessary. Dixon v. Perlman, supra; Watkins v. Sheppard, 278 So.2d 890 (La.App. 1st Cir. 1973).
After reviewing the original petition, the motion for summary judgment, and the opposition to summary judgment, we conclude that genuine issues of material *930 fact exist, and that defendant is not entitled to judgment as a matter of law.
Plaintiffs allege that the defendant firm, for a fee, undertook to perfect their security interest in the mortgaged movables, but then failed to record the act in the chattel mortgage records. It is asserted that, due to defendant's negligence in that connection, the instrument was ineffectual, depriving plaintiffs of their right to otherwise receive full recovery in the bankruptcy proceedings.
Defendant maintains that, upon its filing with the clerk of court, irrespective of whether recorded in the chattel mortgage records, the act of mortgage became effective even against third persons. This, however, is not a correct statement of the law.
All of the transactions antedated the repeal of LSA-R.S. 9:5351, et seq. In 1983, under LSA-R.S. 9:5353 A, the filing of an act of chattel mortgage constituted merely the first step in the process of recordation. That statute provided that upon receipt of a chattel mortgage, the recorder of mortgages was to note thereon the date, hour, and minute of receiving it, and "record it in his respective offices." Granted, LSA-R.S. 9:5354, cited by defendant, provided that "every such mortgage or security interest shall be effective as against third persons from the time of filing in the proper offices...." However, logically, "such mortgage or security interest" referred to a chattel mortgage duly filed and recorded, as described by the immediately preceding section. Thus, to affect third persons from the time of filing, a chattel mortgage was required to be filed and recorded in the proper records, that is, the chattel mortgage records.
Under then operative provisions of Louisiana law, the privilege of chattel mortgage was effective as to third persons from date of its recordation. Acadiana Bank v. Foreman, 352 So.2d 674 (La.1977); Ogden v. Barby Joint Venture, 525 So.2d 1 (La. App. 1st Cir.1987). The court in Progressive Bank & Trust v. Dieco Speciality, 378 So.2d 139 (La.App. 1st Cir.1979), cited by defendant, simply found a mortgage, properly filed and recorded in the chattel mortgage records, effective against third parties regardless of whether correctly indexed by the clerk's office. In our case, differently, we have neither recordation nor indexing in the chattel mortgage records, only the filing of the act with the clerk of court.
In their petition, plaintiffs also allege that the defendant firm, in failing to have the act recorded in the chattel mortgage records, did not exercise the standard of care of attorneys in their locality. Defendant contends that simply depositing the document with the appropriate clerk of court discharged it's duty to have the act of mortgage recorded in the chattel mortgage records. Neither party has submitted documentary evidence concerning the standard of care of attorneys in defendant's locality when filing an instrument containing a mortgage of both immovable and movable property. Failing to set forth the standard of care required, the record obviously does not indicate whether that standard was met.
Exploration of the latter issue possibly will require evidence as to who filed the act of mortgage; what instructions, if any, were given to the recorder; how much was paid to record the document; and whether or not the defendant received a certified copy of the act of mortgage which served to place defendant on notice that the document had not been filed in the chattel mortgage records. If, say, the attorneys paid less than the charge fixed for recording in both the mortgage and chattel mortgage records, then arguably this could be relevant as to whether notice arose that the act had not been recorded in the chattel mortgage records. Compare Whitney-Central National Bank v. Cuneo, 7 La. App. 197 (Orl.Cir.1927), discussing such evidence when a recorder of mortgages, presented with a single sheet of paper containing both a mortgage on chattels and real estate, recorded only the chattel mortgage.
Defendant further maintains that, since plaintiffs compromised their claim in the bankruptcy proceedings, recovery as now sought is barred. We disagree, however, *931 that the present record establishes acts by plaintiffs which foreclose as a matter of law their right to recover for impairment of their security rights. The pleadings and documents opposing summary judgment are to be indulgently treated. Toole v. Tucker, supra. Of course, causation and mitigation will be legitimate issues at trial.
Clearly there remain genuine issues of material fact, causing summary judgment to be inappropriate.
For the foregoing reasons, the judgment of the trial court is reversed and the case remanded to the district court for further proceedings. Costs incurred in connection with the motion for summary judgment, including the appeal, are cast against appellee.
REVERSED AND REMANDED.