584 So.2d 1226 (1991)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,
v.
JOE DEAN CONTRACTORS, INC., et al., Defendants.
No. 22583-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
*1227 Newell and Newell by David M. Newell, Homer, for defendant-appellant, Joe Dean Contractors and defendant Waymon Johnson.
Mayer, Smith & Roberts by Henry N. Bellamy, Shreveport, for third party defendant-appellee, Ohio Cas. Ins. Co.
Cook, Yancey, King & Galloway by Timothy B. Burnham, Shreveport, for plaintiff, Hartford Acc. & Indem. Co.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for defendant, Presidential Fire & Cas. Co.
Before HIGHTOWER, VICTORY and STEWART, JJ.
HIGHTOWER, Judge.
Third party plaintiff, Joe Dean Contractors, Inc. ("Dean Contractors"), appeals an adverse summary judgment denying coverage under the terms of a manufacturers' *1228 and contractors' liability policy. We affirm.

FACTS AND PROCEDURAL BACKGROUND
As disclosed by the pleadings, this action arises from an accident occurring when an employee of Dean Contractors, Wayman Johnson, delivered a truckload of mix-in-transit cement to the property of the injured party, James Ferrell Reeder. As Johnson, driver of the vehicle, prepared to pour the substance, Reeder attempted to assist in the positioning of the chute, a hinged, permanent attachment designed to direct the flow of the material from the truck. Unfortunately, when the driver unfolded the two-sectioned apparatus, Reeder's right thumb sustained a crushing injury that necessitated amputation of the digit a few days later.
Hartford Accident and Indemnity Company ("Hartford") filed suit seeking reimbursement for uninsured motorist and medical expense payments made to its insured, Reeder. As party defendants, the petition named Johnson, Dean Contractors, its automobile liability insurer, and Ohio Casualty Insurance Company ("Ohio"), its manufacturers' and contractors' liability carrier.
Upon discovering that the Ohio policy included an "automobile" exclusion, Hartford dismissed that defendant without prejudice. Dean Contractors then filed a third party demand seeking coverage from Ohio. In response, the third party defendant moved for summary judgment, contending no material issues of fact existed and that the terms of its policy clearly excluded coverage.
Ohio's motion relied upon the following pertinent language contained within its policy:
Exclusions
This insurance does not apply:
. . . .
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by any insured; ...
The contract also stated that:
`automobile' means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;
. . .
Additionally, an amendatory endorsement provided:
`loading or unloading,' with respect to an automobile, means the handling of property after it is moved from the place where it is accepted for movement into or onto an automobile or while it is in or on an automobile or while it is being moved from an automobile to the place where it is finally delivered, but `loading or unloading' does not include the movement of property by means of a mechanical device (other than a hand truck) not attached to the automobile.
At the conclusion of a hearing on the motion, the trial judge found that the accident occurred in the process of unloading, and granted summary judgment dismissing third party plaintiff's petition inasmuch as the policy did not afford coverage. This appeal followed.

DISCUSSION
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Morgan v. Campbell, Campbell & Johnson, 561 So.2d 926 (La.App. 2d Cir.1990). The burden of proof is on the mover to establish there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. American Bank, supra; Morgan, supra. Indeed, the mover's pleadings, affidavits, and documents are to be closely scrutinized *1229 while those of the opponent indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Morgan, supra.
When interpreting an insurance policy, the contract between the insured and his carrier constitutes the law between the parties. Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988). Thus, the agreement will be enforced as written if policy terminology at issue is clear and expresses the intent of the parties. Pareti, supra. See also Ledbetter v. Concord Gen. Corp., 564 So.2d 732 (La.App. 2d Cir.1990).
No single portion of an insurance contract should be construed independent of the whole, i.e., the policy is to be considered in its entirety. Pareti, supra; Benton Casing Serv., Inc. v. Avemco Ins., 379 So.2d 225 (La.1979). If ambiguity exists, it should be construed in favor of the insured and against the insurer. Pareti, supra. Courts, however, lack authority to alter policy terms under the guise of contractual interpretation when provisions are couched in unambiguous language. Pareti, supra; Monteleone v. Am. Employer's Ins. Co., 239 La. 773, 120 So.2d 70 (1960); Edwards v. Life & Cas. Ins. Co. of Tenn., 210 La. 1024, 29 So.2d 50 (1946).
Indeed, an insurance contract should be given no meaning which will enlarge or restrict its provisions beyond what its terms reasonably contemplated, or which will lead to an absurd conclusion. Lindsey v. Poole, 579 So.2d 1145 (La.App. 2d Cir.1991); Zurich Ins. Co. v. Bouler, 198 So.2d 129 (La.App. 1st Cir.1967). Absent a conflict with law or public policy, insurers are entitled to limit their liability and impose reasonable conditions upon the obligations assumed in a given policy. Lindsey, supra; Sargent v. La. Health Serv. & Indem. Co., 550 So.2d 843 (La.App. 2d Cir.1989).
Moreover, an insurance policy being a contract, those rules established for the construction of written instruments apply. Lindsey, supra; Benton v. Long Mfg. N.C., Inc., 550 So.2d 859 (La.App. 2d Cir.1989); Dean v. Union Nat'l Fire Ins. Co., 301 So.2d 925 (La.App. 2d Cir.1974). LSA-C.C. Art. 2045 defines interpretation of a contract as "the determination of the common intent of the parties." Such intent is to be determined in accordance with the plain, ordinary and popular sense of the language used, and by construing the entirety of the document in a practical, reasonable and fair basis. Muse v. Met. Life Ins. Co., 193 La. 605, 192 So. 72 (1939); Lindsey, supra; Coates v. Northlake Oil Co., Inc., 499 So.2d 252 (La.App. 1st Cir. 1986), writ denied, 503 So.2d 476 (La.1987).
In the case sub judice, there exists no genuine issue of material fact and the policy clearly excludes coverage. The unfolding of the chute, permanently attached to the truck, constituted the first preparatory step in pouring the cement from the vehicle. And, adopting a commonsense approach, the act causing the injury comprised a part of the unloading process.[1] See Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968); Copes v. Copeland Bldg. Supply, Inc., 415 So.2d 264 (La.App. 2d Cir.1982); Mauterer v. Ass. Indem. Corp., 332 So.2d 570 (La.App. 4th Cir.1976), all addressing application of the term "unloading."
Appellant argues that only the actual handling of property falls within the previously quoted definition of "loading or unloading," and that the evidence fails to indicate such acts occurring at the time of the accident. Even if we adhered to such a narrow view of those terms, and ignored the other policy provisions as part of the whole contract, it remains clear that the truck was in "use" at the time of the injury. Hence, coverage would still be excluded.
In determining whether there is "use," triggering coverage under automobile liability policies, the term has been broadly construed. For example, injuries sustained *1230 by the insured's relative, while assisting in the operation of an insulation machine built into the back of a truck, in Green v. DeFelice, 466 So.2d 1373 (La.App. 3d Cir.1985), arose out of "use" of the vehicle. Likewise, in Duvigneaud v. Gov. Emp. Ins. Co., 363 So.2d 1292 (La.App. 4th Cir.1978), writ denied, 366 So.2d 560 (La.1979), the negligent failure to secure a dog in a parked car constituted "use" of the vehicle. Additionally, a passenger "used" an automobile when he slammed its back door on the hand of a person standing alongside. Bolton v. North River Ins. Co., 102 So.2d 544 (La.App. 1st Cir.1958). So too, in Cagle v. Playland Amusement, Inc., 202 So.2d 396 (La.App. 4th Cir.1967), writ denied, 251 La. 403, 204 So.2d 578 (1967), vehicle "use" occurred when the pistol of a security person accidently discharged, striking the plaintiff, as the guard attempted to retrieve ignition keys by breaking the window of a locked auto. Cf. Kessler v. Amica Mut. Ins. Co., 573 So.2d 476 (La. 1991); Slade v. Altex Ready-Mix Concrete Corp., 579 So.2d 1102 (La.App. 2d Cir. 1991), both finding that intentional criminal acts did not result from "use" of a vehicle.
Of course, in the case at hand we interpret a manufacturers' and contractors' liability policy, not an automobile policy. Nevertheless, the conclusions should be consistent. Here, just as in the abovementioned cases finding "use," the injury-causing conduct can be readily associated with utilization of the vehicle. Indeed, appellant's mix-in-transit truck, designed exclusively for the transportation and delivery of cement, obviously had no other efficient or economic utility. More to the point: the injury, occurring as the driver prepared to pour cement at the job site, arose out of an inherent part of the exact use expected of the vehicle. Accordingly, as contemplated by the policy at issue, that "use" precluded coverage.

CONCLUSION
The summary judgment of the district court, granted in favor of third-party defendant, Ohio Casualty Insurance Company, is affirmed. Costs of the appeal are assessed against Joe Dean Contractors, Inc.
AFFIRMED.
NOTES
[1] This approach accords with the "complete operation" doctrine embraced by other jurisdictions in resolving the scope of loading and unloading clauses. See Annotation, Risks within "Loading and Unloading" Clause of Motor Vehicle Liability Insurance Policy, 6 A.L.R. 4th 686 (1981), and cases cited therein, for a discussion of that concept.