590 So.2d 1368 (1991)
James VEILLON, Plaintiff-Appellee,
v.
UNITED STATES FIRE INSURANCE CO., et al., Defendant-Appellant.
No. 90-703.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
*1369 Gilbert J. Aucoin, Ville Platte, for plaintiff/appellee.
Oats & Hudson, David J. Calogero, Lafayette, for defendant/appellantSheriff.
Durio, McGoffin & Stagg, Gary McGoffin, Stacy Lee, Lafayette, for defendant/appelleeU.S. Fire Ins. Co.
McGlinchey, Stafford, Cellini & Lang, C.G. Norwood, Jr., New Orleans, for defendant/appelleeChrysler.
Gold, Weems, Bruser, Sues & Rundell, Ed E. Rundell, Alexandria, for Goodyear.
Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
The Evangeline Parish Sheriff's Office (EPSO) appeals the dismissal of its cross-claim against its business automobile insurer, United States Fire Insurance Company (U.S. Fire), on a motion for summary judgment.[1] The trial court held that U.S. Fire was not required to defend EPSO because the claim brought against it sounded in product liability and was not covered under U.S. Fire's automobile policy.
EPSO appeals, contending: 1) U.S. Fire's business automobile insurance policy provides liability coverage for the tort claim filed against it; and, 2) the tort claim against EPSO was not excluded under any provision of U.S. Fire's automobile insurance policy.

*1370 FACTS
On June 26, 1989, James Veillon, an EPSO deputy, was injured when the left front tire of his patrol vehicle blew out, causing the vehicle to go into a ditch and strike a culvert.
Veillon's petition alleges that EPSO purchased the tire which blew out, a used Goodyear Eagle GT tire, from the Louisiana Department of Public Safety and Corrections, Division of State Police.
Veillon sued EPSO, its automobile liability insurer, U.S. Fire, the Louisiana State Police, and Goodyear.
When U.S. Fire denied coverage, EPSO filed a cross-claim against U.S. Fire, claiming indemnity for all damages, court costs, expenses and attorney's fees incurred in its defense of Veillon's claim for damages. U.S. Fire answered EPSO's cross-claim, denying coverage and pleading all definitions, terms, and exclusions provided in its policy.
U.S. Fire then moved for summary judgment, seeking dismissal of Veillon's claims against it, as well as EPSO's cross-claim, on the ground that its business auto policy did not provide coverage for Veillon's tort action.
EPSO then perfected this appeal after the trial court agreed with U.S. Fire's contentions.

SUMMARY JUDGMENT
EPSO contends that as a matter of law U.S. Fire was not entitled to a dismissal from the lawsuit on a motion for summary judgment.
In Hartford Acc. & Indem. v. Joe Dean Contr., 584 So.2d 1226, 1228 (La.App.1991), our brethren of the Second Circuit stated:
"A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Morgan v. Campbell, Campbell & Johnson, 561 So.2d 926 (La. App.2d Cir.1990). The burden of proof is on the mover to establish there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. American Bank, supra; Morgan, supra. Indeed, the mover's pleadings, affidavits, and documents are to be closely scrutinized while those of the opponent indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Morgan, supra.

When interpreting an insurance policy, the contract between the insured and his carrier constitutes the law between the parties. Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988). Thus, the agreement will be enforced as written if policy terminology at issue is clear and expresses the intent of the parties. Pareti, supra. See also Ledbetter v. Concord Gen. Corp., 564 So.2d 732 (La.App. 2d Cir.1990).
No single portion of an insurance contract should be construed independent of the whole, i.e., the policy is to be considered in its entirety. Pareti, supra; Benton Casing Serv., Inc. v. Avemco Ins., 379 So.2d 225 (La.1979). If ambiguity exists, it should be construed in favor of the insured and against the insurer. Pareti, supra. Courts, however, lack authority to alter policy terms under the guise of contractual interpretation when provisions are couched in unambiguous language. Pareti, supra; Montelone v. Am. Employer's Ins. Co., 239 La. 773, 120 So.2d 70 (1960); Edwards v. Life & Cas. Ins. Co. of Tenn., 210 La. 1024, 29 So.2d 50 (1946).
Indeed, an insurance contract should be given no meaning which will enlarge or restrict its provisions beyond what its terms reasonably contemplated, or which will lead to an absurd conclusion. Lindsey v. Poole, 579 So.2d 1145 (La.App.2d Cir.1991); Zurich Ins. Co. v. Bouler, 198 So.2d 129 (La.App. 1st Cir.1967). Absent a conflict with law or public policy, insurers are entitled to limit their liability and impose reasonable conditions upon the obligations assumed in a given policy. Lindsey, supra; Sargent v. La. Health *1371 Serv. & Indem. Co., 550 So.2d 843 (La. App.2d Cir.1989).
Moreover, an insurance policy being a contract, those rules established for the construction of written instruments apply. Lindsey, supra; Benton v. Long Mfg. N.C., Inc., 550 So.2d 859 (La.App. 2d Cir.1989); Dean v. Union Nat'l Fire Ins. Co., 301 So.2d 925 (La.App. 2d Cir. 1974). LSA-C.C. Art. 2045 defines interpretation of a contract as `the determination of the common intent of the parties.' Such intent is to be determined in accordance with the plain, ordinary and popular sense of the language used, and by construing the entirety of the document in a practical, reasonable and fair basis. Muse v. Met. Life Ins. Co., 193 La. 605, 192 So. 72 (1939); Lindsey, supra; Coates v. Northlake Oil Co., Inc., 499 So.2d 252 (La.App. 1st Cir.1986), writ denied, 503 So.2d 476 (La.1987)."
EPSO first contends that based on the allegations of Veillon's petition, U.S. Fire had a duty to defend EPSO. It argues that U.S. Fire's duty to defend stems from the allegations that Veillon's injuries arose from EPSO's ownership, maintenance or use of the vehicle.
The obligation of an insurer to defend suits against its insured is broader than its liability for damage claims. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). The allegations of plaintiff's petition determine the insurer's duty to defend suits brought against its insured. Clemmons v. Zurich General Accident & Liabil. Ins. Co., 230 So.2d 887 (La.App. 1st Cir.1969). The insurer is under a duty to defend its insured regardless of the outcome of the case if, assuming plaintiff's allegations are true, there is both coverage under the policy and liability to plaintiff. Bldg. Special. v. State Farm Mut. Auto. Ins., 440 So.2d 984 (La.App. 3rd Cir.1983). Unless plaintiff's petition unambiguously excludes coverage, the insurer is under a duty to defend its insured. Id.
The relevant liability provision of U.S. Fire's business automobile policy provides:
"We will pay all sums the insured legally must pay as damages because of bodily injury ... to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto."
Initially, U.S. Fire states that this provision of the insurance policy is inapplicable because Veillon is arguably an insured. If the question of Veillon's status as an insured is arguable, certainly, then, on a motion for summary judgment, that issue of material fact cannot be resolved in favor of U.S. Fire. Accordingly, we must proceed on the assumption that Veillon is not an insured who is precluded from advancing a liability claim against U.S. Fire.
The next question then becomes whether the trial court was correct as a matter of law in its determination that U.S. Fire provided no coverage for the claims Veillon alleged in his petition.
In granting U.S. Fire's motion for summary judgment, the trial court stated:
"Motion for Summary Judgment granted on the basis that the policy is not intended to cover a products liability situation. Or it does not reflect in the use of an automobile. If there was any negligence at all, it would be based upon the Sheriff's personal action, and not on the use of the car."
We disagree.
Veillon's original petition for damages states, in pertinent part, as follows:
"As a result of the hereinafter enumerated nonexclusive acts and/or facts which were the proximate cause of petitioner's injuries and damages, and under the following enumerated theories of law, defendants, the SHERIFF and the DEPARTMENT, are liable unto your petitioner for his personal injuries, to-wit:
A) The theories of law are:
1. Fault and/or negligence and/or strict liability under LCC art. 2315, 2316 and 2317;
2. Breach of express and/or implied warranty under LCC 2475 and 2476, et seq.;

*1372 3. Redhibition under LCC art. 2520, et seq.;
B) The non-exclusive acts and/or facts are as follows:
NEGLIGENCE OF THE SHERIFF
1. Subjecting deputy sheriffs, such as petitioner, to the unnecessary danger of driving patrol cars with worn, used and unsafe tires;
2. Failure to detect, through proper inspection, a latent and/or patent defect in the subject tire;
3. Requiring petitioner to perform assigned duties without benefit of equipment necessary for safe performance;
4. Failure to exercise reasonable and/or a high degree of care and diligence in making their vehicles safe for use on the highways and roads;
5. Failure to maintain their vehicles in a safe condition;
6. Failure to provide petitioner with safe and adequate equipment in order for him to perform his duties;
7. Failure to warn adequately of the known danger;
8. Failure to give adequate warnings to the user of the subject tire as to the proper disposition to employ upon detecting the possibility of such a blow out;
9. For failure to do what he should have done;
10. For failure to see what he should have seen;
11. For his general, careless, wanton, reckless and egregious negligence."
Although some of the allegations raised involve general tort liability, we find that many of the allegations are based on automobile liability rooted in EPSO's ownership, maintenance or use of the vehicle. There is a direct relationship alleged between EPSO's acquisition of the used tire and the incorporation of the tire into the operation of the insured automobile. Certainly, from just a common sense approach, Veillon alleges facts which raise a question of U.S. Fire's coverage related to EPSO's activities related to the ownership, maintenance or use of the insured automobile. The fact that Veillon also alleged a products liability claim does not negate the factual allegations made which directly call into play EPSO's ownership, maintenance, or use of the insured vehicle. Therefore we conclude that the trial court erred as a matter of law, finding U.S. Fire not potentially liable for Veillon's injuries.
Lastly, U.S. Fire contends that even if there was liability coverage, the allegations of Veillon's petition unambiguously exclude coverage under the provisions of U.S. Fire's policy of insurance.
The insurer bears the burden of proving the application of any exclusionary clause in a policy of insurance. Kling v. Collins, 407 So.2d 478 (La.App. 1st Cir. 1981). Exclusionary clauses are strictly construed against the insurer, and any ambiguity is resolved in favor of the insured. Of the permissible constructions, the court will adopt that which effectuates the insurance over that which defeats it. Craft v. Trahan, 351 So.2d 277 (La.App. 3rd Cir. 1977), writ refused, 353 So.2d 1336 (La. 1978).
The two policy exclusions urged herein are as follows:
"This insurance does not apply to:
* * * * * *
2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.
* * * * * *
5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits."
U.S. Fire argues that under either provision, Veillon was unambiguously excluded from coverage since he was an EPSO employee, and therefore it was not required to defend EPSO.
EPSO, relying on Johnson v. Northern Assurance Co. of America, 193 So.2d 920 (La.App. 3rd Cir.1967), contends that Veillon could not be considered an "employee" *1373 within the provisions of the automobile liability policy since he was a deputy sheriff who was not protected by the worker's compensation statute.
In Johnson the issue presented for the court's determination was whether a deputy sheriff is an "employee" within the exclusionary clause contained in the automobile liability policy. The clause on which the insurer relied provided:
"[No coverage is afforded by this policy] `Under division 1 of coverage C [medical payments provision], to bodily injury to or sickness, disease or death of any employee of the named insured or spouse arising out of and in the course of (1) * * *; (2) other employment by the named insured or spouse; * * *"
Finding coverage under the policy, we stated:
"In our opinion, it is obvious that a clause in any automobile liability policy which withdraws medical payments coverage in cases of bodily injury to, or sickness, disease or death of any employee of the named insured arising out of and in the course of his employment is designed to prevent multiple recovery of medical expenses by the employee under this type of policy, and the parallel provisions of our Workmen's Compensation Law."
After carefully reviewing the liability coverage issue presented in the case sub judice, we find the reasoning of Johnson equally dispositive of the question presented herein.
In reaching this conclusion, we find no merit to U.S. Fire's argument that under the amendment to LSA-R.S. 23:1034 all deputy sheriffs are not excluded from worker's compensation coverage. There has been no showing by U.S. Fire that EPSO has exercised its option under R.S. 23:1034(D) to extend worker's compensation benefits to its deputies. In the absence of such a showing, it is clear that the Johnson rationale confirms our determination that the exclusionary clauses relied upon by U.S. Fire are not applicable to Veillon.
Therefore we find that the trial court erred as a matter of law in determining that U.S. Fire was entitled to dismissal from EPSO's cross-claim on a motion for summary judgment. Assuming Veillon's allegations are true, we find that coverage extended to EPSO under U.S. Fire's policy and potential liability exists to plaintiff. Likewise, since the allegations of Veillon's petition do not unambiguously exclude coverage, U.S. Fire cannot be dismissed from EPSO's cross-claim.
For the foregoing reasons, the judgment of the trial court, dismissing EPSO's cross-claim against U.S. Fire on a motion for summary judgment is reversed and set aside, and this matter is remanded to the trial court for further proceedings. Costs of the appeal are assessed to U.S. Fire.
REVERSED AND REMANDED.
NOTES
[1] Although the claim of James Veillon, the plaintiff in the main demand, against U.S. Fire was also dismissed, he has not appealed. Accordingly, the judgment dismissing Veillon's claim against U.S. Fire is final.