614 So.2d 784 (1993)
Marvin Wayne FREEMAN, et ux., Plaintiff,
v.
MOSS WELL SERVICE, INC., et al., Defendants.
No. 24501-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Writ Denied April 30, 1993.
*785 Tyler & Johnson by Tommy J. Johnson, Shreveport, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, for appellees, Pride Exploration and John Jarvis.
Dawkins, Coyle & Carter by Michael S. Coyle, Ruston, for appellants, Moss Well Service and Rayford Lee Dison, Jr.
Lunn, Irion, Johnson, Salley & Carlisle by Frank M. Walker, Jr., Shreveport, for appellant, Continental Loss Adjusting Co.
Before LINDSAY, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
In this tort action stemming from a work-related injury, several parties appeal a summary judgment sustaining the "two-contract" statutory employer defense. For the reasons hereinafter expressed, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Pride Exploration, Inc. ("Pride"), pursuant to contract with the interest owners of Emerson No. 1 Well in Claiborne Parish, assumed responsibility for performing all operations on the well, including work-overs and routine maintenance. In order to fulfill that obligation, Pride secured Marvin Wayne Freeman to act as pumper at this site, and several others. (Freeman also performed the same work for another company, terming himself an independent contractor.) Pride similarly obtained Moss Well Service, Inc. ("Moss") to construct a "blow-down" pipe at the location. While fulfilling his duties there on December 8, 1989, Freeman allegedly sustained serious personal injury when struck by this device.
Freeman filed suit against Moss and its employee, Rayford Lee Dison, Jr., averring that Dison constructed the blow-down pipe in such a manner as to render it a dangerous instrumentality.[1] These two defendants subsequently named Pride and its employee, John Jarvis, as third party defendants, it being alleged that Jarvis faultily designed the product. Agreeing with that contention and adding a claim that Pride supplied the utilized materials, Freeman amended his petition to include Pride and Jarvis as defendants. Also, Continental Loss Adjusting Company ("Continental") later filed an intervention seeking recovery of worker's compensation benefits paid Freeman as a result of the mishap.
Pride and Jarvis asserted an affirmative defense in their answer, maintaining that Freeman could be classified as a statutory employee of Pride under the "two-contract" theory which affords tort immunity pursuant to LSA-R.S. 23:1032 and 23:1061 of the Louisiana Worker's Compensation *786 Act. Later, they urged these same grounds in a motion for dismissal by summary judgment. The district judge, after a hearing but without expressing reasons, granted the relief sought by movants. Freeman, Moss, Dison, and Continental all appealed.
The sole issue now presented is whether the trial court correctly sustained the "two-contract" statutory employment defense.

DISCUSSION
Of course, a motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P.Art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Hartford Accident & Indemnity Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226 (La.App. 2d Cir.1991). The burden of proof is on the mover to establish there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. American Bank, supra; Hartford, supra. Indeed, the mover's pleadings, affidavits, and documents are to be closely scrutinized while those of the opponent are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Hartford, supra. Thus, in order for the movers to prevail here, Pride's status as the statutory employer of Freeman must be quite clear.
The "two-contract" statutory employer defense to tort liability arises from the language of LSA-R.S. 23:1061, read in conjunction with LSA-R.S. 23:1032.
Essentially, under LSA-R.S. 23:1032, an injured employee's exclusive remedy against his immediate employer or any "principal" (statutory employer), or against any employee of the employer or principal, lies in worker's compensation. This section defines "principal" as "any person who undertakes to execute any work which is part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." (Emphasis added.)
Our law also further enunciates when a "principal" will be liable in worker's compensation to the employee of an engaged contractor. At the time of Freeman's injuries, LSA-R.S. 23:1061 stated:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.... [Emphasis added.]
Thus, in response to a tort action, Section 1061 encompasses two alternative threshold bases for the statutory employer defense: (1) contracting by a principal with another for the execution of work which is part of the principal's trade, business, or occupation; or (2) contracting by a principal with another to perform all or any part of the work which the principal is contractually obligated to perform. The latter situation, generally delineated in the highlighted language of the abovementioned statutes, is commonly referred to as the "two-contract" defense. Rosier v. H.A. Lott, Inc., 563 So.2d 1321 (La.App. 3d Cir. 1990), writ denied, 568 So.2d 1058 (La. 1990).
It is important to note, however, that under the "two-contract" theory, and as its very foundation, the principal is liable in compensation to those employees of an employer who contracts with the principal to execute work.
As explained in W. Malone & H. Johnson, 14 Louisiana Civil Law TreatiseWorker's Compensation Law and Practice, *787 § 364 at p. 37 (2d ed. Supp.1992), a specific purpose underlies the statutory employment doctrine:
The evil at which Section 1061 was aimed was the evasion of a compensation obligation. If an entity was already in a trade, business or occupation and chose to carry out that trade through contracts with intermediaries who would actually employ the workers, the drafters of our Act did not want the entity to be insulated from a compensation obligation to those workers. Similarly, if an entity were not in a given trade, business or occupation, but contracted to perform a particular task, and then again chose to carry out the agreed task through contracts with intermediaries which actually employed the workers, the same result should follow: a compensation obligation to the actual workers so engaged. In either event, the worker should be protected as to the compensation obligation owed to him, and the entity should not be able to insulate itself through this contracting strategy.... [Emphasis added.]
Hence, Section 1061 is not targeted at the principal's obligation to the contracting intermediary, but at its obligation to those workers employed by that intermediary. Simply stated, it is the worker, rather than the subcontractor, who is granted compensation protection through Section 1061. Of course, tort immunity by the principal, as previously indicated, is a concomitant of that compensation obligation to such statutory employees. See Barnhill v. American Well Service & Salvage, Inc., 432 So.2d 917 (La.App. 3d Cir. 1983).
The "two-contract" statutory employment defense thus contemplates relationships among at least three entities: a general contractor who had been hired by a third party to perform a specific task; a subcontractor hired by that general contractor; and an employee of the subcontractor. See, e.g., Bradford v. Village Ins. Co., 548 So.2d 106 (La.App. 2d Cir.1989), writ denied, 552 So.2d 396 (La.1989); Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1st Cir.1991), writ denied, 588 So.2d 101, 588 So.2d 109 (La.1991); Mathew v. Aetna Cas. & Sur. Co., 578 So.2d 242 (La.App. 3d Cir.1991); Crochet v. Westminster City Center Prop., 572 So.2d 720 (La.App. 4th Cir.1990); Beddingfield v. Standard Const. Co., 560 So.2d 490 (La. App. 1st Cir.1990); Crater v. Mesa Offshore Co., 539 So.2d 88 (La.App. 3d Cir. 1989), writ denied, 542 So.2d 1382 (La. 1989), cert. denied, 493 U.S. 905, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989); Williams v. Metal Building Products Co., Inc., 522 So.2d 181 (La.App. 5th Cir.1988), writ denied, 530 So.2d 82 (La.1988); Guillory v. Ducote, 509 So.2d 455 (La.App. 3d Cir. 1987), writ denied, 510 So.2d 376 (La.1987); Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir.1985); Barnhill, supra, all sustaining such a defense in tort suits by employees of subcontractors or sub-subcontractors.
Although it is clear that Pride contracted with the well interest owners and then directly secured Freeman to perform a portion of that obligation, the "two-contract" defense still does not find application. Under that concept, Freeman would be classified as the subcontractor, not the employee who has been afforded a compensation remedy by the statute. Consequently, Pride cannot claim the status of Freeman's statutory employer.[2] Cf. Jones v. Louisiana Timber Co. Inc., 519 So.2d 333 (La.App. 2d Cir.1988), where this court noted the inapplicability of LSA-R.S. 23:1061 to an independent contractor in his tort action against a timber company for which he hauled wood by contract.

*788 CONCLUSION
Accordingly, we find that the trial court erred in applying the "two-contract" statutory employment defense to these facts. We thus reverse the granting of summary judgment and remand for further proceedings consistent with this opinion. Appellees are cast with all costs.
REVERSED AND REMANDED.
NOTES
[1] Karen Freeman, claiming loss of consortium, is an additional plaintiff.
[2] Our conclusion in this case, however, does not preclude a later finding that, for the purposes of worker's compensation, Freeman must be treated as an employee of Pride. For example, an independent contractor who spends a substantial part of his work time in manual labor carrying out the terms of the contract, and whose work is a part of the principal's trade, business or occupation, is expressly covered by the act. LSA-R.S. 23:1021(6); Locker v. Wilson, 536 So.2d 441 (La.App. 2d Cir.1988), writ denied, 537 So.2d 210 (La.1989). Even so, the documents presently of record fail to disclose that summary judgment is appropriate.