690 So.2d 872 (1997)
Deborah L. LAFITTE, et al., Plaintiffs-Appellants,
v.
Ruben M. COMPTON, Sr., et al., Defendants-Appellee.
No. 29296-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Rehearing Denied March 27, 1997.
*873 Peters, Ward, Bright & Hennessy by J. Patrick Hennessy, Shreveport, and Hatch & Smith by James R. Hatch, Homer, for Plaintiffs-Appellants.
Blanchard, Walker, O'Quin & Roberts by Joseph S. Woodley, Shreveport, for Defendant-Appellee Economy Fire & Casualty Insurance Company.
Before MARVIN, C.J., and NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
This is another rejection-of-UM case. After finding the declination of uninsured/underinsured motorist coverage to be valid, the trial court granted summary judgment in favor of the insurer. We affirm.

Facts and Procedural History
Injuries sustained in an automobile accident eventually caused Dorothy Mae Lafitte to die. Her three children, Deborah L. Lafitte, Betsy L. Robinson, and W.C. Lafitte, Jr., subsequently instituted wrongful death and survival actions against the adverse driver, his insurer, and Economy Fire & Casualty Insurance Company ("Economy"), their mother's UM carrier. The first two named defendants settled with the plaintiffs, securing a dismissal, with prejudice, of the claims against them. Economy, however, responded with a motion for summary judgment on grounds that the decedent had rejected UM coverage.
In support of its motion, Economy presented a certified copy of the insurance policy, including a "Rejection of Uninsured Motorists and Optional Limits Form." The parties agree that, at the time of the accident, the decedent possessed insurance on her automobile through the policy. Additionally, plaintiffs concede that their mother's signature appears on the form. Thus, the sole issue concerned the validity of the rejection. After considering the evidence and counsels' arguments, the judge granted the insurer's motion and dismissed the case with prejudice.

Discussion
The legal principles regarding summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Gleason v. State Farm, 27,297 (La.App. 2d Cir. 08/23/95), 660 So.2d 137, writ denied, 95-2358 (La. 12/15/95), 664 So.2d 454; Hartford Accident & Indem. Co. v. Joe Dean Contractors, 584 So.2d 1226 (La.App. 2d Cir.1991). The burden is on the mover to establish that there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Hartford, supra. Once the mover has presented documents sufficient to resolve all genuine issues of material fact, however, the burden shifts to the opponent. Fields v. Roark, 25,426 (La.App. 2d Cir. 01/19/94), 630 So.2d 1359; Billingsley v. Bach Energy Corp., 588 So.2d 786 (La.App. 2d Cir.1991).
The opponent cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish *874 that material facts are still at issue. La.C.C.P. art. 967; Billingsley, supra; Tubbs v. Louisiana Power & Light Co., 349 So.2d 994 (La.App. 2d Cir.1977), writ denied, 352 So.2d 240 (La.1977). Although the burden of proof remains the same under the recent amendment to La.C.C.P. art. 966, the summary judgment procedure is now favored to secure the just, speedy, and inexpensive determination of all except certain disallowed actions. Acts 1996, 1st Ex.Sess., No. 9. Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute which can properly be resolved within the framework of a motion for summary judgment. Nelson v. Ragan, 26,724 (La.App. 2d Cir. 04/05/95), 653 So.2d 185, writ denied, 95-1161 (La. 06/16/95), 655 So.2d 332. An appellate court reviews summary judgment de novo under the same criteria that governs the district court's considerations of the appropriateness of summary judgment. Gleason, supra.
Appellants contend that the insurer-supplied form in the present case is both ambiguous and fails to comply with La.R.S. 22:1406(D). That statute demands that insurers provide uninsured motorist coverage in not less than the limits of bodily injury liability provided by the policy, but such UM coverage is not required if the insured rejects the coverage in writing or selects lower limits. Pine v. Doolittle, 28,141 (La.App. 2d Cir. 06/26/96), 677 So.2d 686; Thomas v. Goodson, 26,356 (La.App. 2d Cir. 12/07/94), 647 So.2d 1192. A liberal construction will be assigned to La.R.S. 22:1406(D) to provide coverage, while the statutory exceptions are to be interpreted strictly. Washington v. Imperial Fire & Cas., 28,434 (La.App. 2d Cir. 06/26/96), 677 So.2d 599. Further, the insurer bears the burden of proving a valid rejection of UM coverage or the selection of lower limits. Nelson, supra.
The Louisiana Supreme Court has held that a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. The insurer must place the insured in a position to make an informed rejection of UM coverage. The form used by the insurance company must give the applicant an opportunity to make a meaningful selection of his options provided by statute: (1) UM coverage equal to bodily injury limits in the policy; (2) UM coverage lower than bodily injury limits in the policy; or (3) no UM coverage. Tugwell v. State Farm, 609 So.2d 195 (La.1992); Nelson, supra; Pine, supra; Thomas, supra.
In the case sub judice, appellants argue that the waiver is deficient. On a printed form separate from the policy application, Economy allowed the decedent to reject UM coverage by signing a document appearing in the record, as follows:
*875 
The Lafitte children first contend that this form, in providing no box selecting UM coverage equal to the bodily injury policy limits, failed to accord the insured the three choices outlined in Tugwell, supra. True enough, where such waivers do not even mention an option of retaining UM coverage, courts have declined to find an opportunity to make an informed selection. See, e.g., Washington, supra; Banks v. Patterson Ins. Co., 94-1176 (La.App. 1st Cir. 09/14/95), 664 So.2d 127, writ denied, 95-2951 (La. 02/16/96), 667 So.2d 1052.
This court, however, has previously observed that it is the rejection of UM coverage, not the acceptance, that must be the affirmative act of the insured. Pine, supra, citing Henson v. Safeco Ins. Co., 585 So.2d 534 (La.1991). In Pine, we determined that a rejection form stating the insurer "shall afford Uninsured Motorist Coverage unless the insured ... reject[s] such coverage" did not imply that the customer would have to take some action to obtain UM coverage. Similarly, with the language in the present matter announcing that the insurer is required to provide UM coverage equal to the policy limits and then denominating the other available options, Economy's form is not defective in this regard.
Appellants next argue that the form is ambiguous. Again, we disagree. Not only are "Uninsured Motorists Coverage" and "Bodily Injury Limits" reasonably comprehensible terms utilized within La.R.S. 22:1406(D) itself, but the meanings are also set forth within the insurance policy of which the form became a part. La.R.S. 22:1406(D)(1)(a)(ii). Nor does the waiver's reference to "future renewals" cause any confusion. This language plainly informs the insured that the rejected coverage will not be provided even upon renewal of the policy.
Finally, the Lafitte children contend that the lower court erred in granting summary judgment because there has been no showing that decedent completed the form herself. In the trial court, however, they acknowledged their mother's signature on the form and, also, conceded that no genuine issues of material fact existed. We thus *876 conclude that such an issue, never raised below, cannot defeat the granting of summary judgment. See also Nelson, supra; Thomas, supra.[1]

Conclusion
Accordingly, the trial court's grant of summary judgment in favor of Economy is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] As in Nelson and Thomas, and unlike the situation in Henson, supra, the form here is separate and distinct from the other portions of the insurance application. Thus, no confusion existed regarding the applicability of the signature to the waiver.