STEWART, J.
| plaintiff David Naiman appeals a judgment dismissing his action against Goldco Operating, L.L.C. following Goldco’s motion for summary judgment. For the reasons set forth below, we affirm the trial court’s judgment.
FACTS
Plaintiff David Naiman, who was employed by Energy Drilling Company (“En *328 ergy”), was assigned to work on the Goldsberry # 1 well site near Shreveport, Louisiana. On November 11, 2005, Nai-man was using a forklift to move a drill line. The forklift hit a soft spot on the ground, causing it to tilt and fall over. He jumped off the forklift to get out of harm’s way, but was struck by the boom as the forklift fell. As a result of this incident, Naiman is now a paraplegic confined to a wheelchair.
Naiman and his wife, Crystal Naiman, subsequently filed suit against Goldsberry Operating Co., Inc. (“Goldsberry”), Tomcat Equipment & Sales Rentals, Inc., Brian Wiggins d/b/a All Seasons Lawn and Landscaping, and Atlantic Casualty Insurance Company. In his petition, Naiman alleged that Goldsberry, who contracted Energy to perform the work on the Goldsberry # 1 well site, was negligent in tort for failure to adequately and properly prepare the well site at issue, leaving it dangerously uneven; failure to arrange for installation of a board road or its equivalent; failure to provide a safe working surface; and any and all acts of negligence, which may be proven at the time of trial.
Goldco Operating L.L.C. (“Goldco”) answered the lawsuit in place of the erroneously named Goldsberry. Goldco filed a motion for summary [¿judgment seeking dismissal of all claims against it, alleging that Goldco did not owe a duty in tort to Naiman pursuant to the two-contract defense. On August 27, 2007, the trial court signed a judgment granting the motion for summary judgment and dismissed with prejudice the claims of Naiman against Goldco.
DISCUSSION
In his assignment of error, Naiman contends that the trial court erred in granting Goldco’s motion for summary judgment. Naiman argues that the trial court erred in finding Goldco immune from tort liability under the “two contract” statutory employer defense.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,-555 (La.App. 2d Cir.8/21/96), 679 So.2d 477. A court must grant the motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App. 2d Cir.1/25/06), 920 So.2d 355.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before |3the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
In order to reverse the trial court’s decision, this court would have to find on de novo review that the record reveals a gen *329 uine issue of fact which precludes summary judgment as a matter of law. More specifically, we must determine whether Goldco may in fact avail itself of the two-contract theory of defense as a means to defeat Naiman’s claim.
Goldco argues that because it initially entered into a contract with the working interest owners through letter agreements and subsequently entered into the turnkey contract with Energy Drilling to perform the drilling operations, it is classified as a principal as defined under the workers’ compensation statutes. As such, Goldco contends that Naiman is limited to relief in the form of workers’ compensation.
La. R.S. 23:1032 provides in pertinent part:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, |4whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease. (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity or doctrine.
The exclusive remedy provision of Louisiana’s workers’ compensation statute precludes an employee from filing a lawsuit for damages against “his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal.” Louisiana Workers’ Compensation Corporation v. Genie Industries, 2000-2034 (La.App. 4 Cir. 11/7/01), 801 So.2d 1161.
The “two contract” statutory employer defense to tort liability arises from the language of La. R.S. 23:1032 when it is read together with La. R.S. 23:1061. La. R.S. 23:1061 encompasses two alternative threshold bases for the statutory defense: (1) contracting by a principal with another for the execution of work which is part of the principal’s trade, business, or occupation; or (2) contracting by a principal with another to perform all or any part of the work which the principal is contractually obligated to perform. The latter situation is commonly referred to as the “two contract” statutory employer defense. Freeman et ux. v. Moss Well Service, Inc. et al, 614 So.2d 784, 786 (La.App. 2d Cir.2/24/93), unit denied 618 So.2d 413 (La.4/30/93).
LLa. R.S. 23:1032(A)(2) defines “principal” as the following:
(2) For the purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is part of his trade, business, or occupation in which he was engaged at the time of the inquiry, or which he had contracted to perform and contracts with any person for the execution thereof.
La. R.S. 23:1061(A)(1) states in pertinent part:
Subject to the provisions of Paragraph 2 and 3 of this Subsection, when any “principal” as defined in R.S. *330 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business or occupation and contracts with any person, in this Section referred to as the “contractor” for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, as statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 ...
In addition, La. R.S. 23:1061(A)(2), referred to as the “two contract” statutory employer defense,” provides that “a statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.” Thus, the “two contract” statutory employer defense contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task, a subcontractor hired by that general contractor, and an employee of the subcontractor. Freeman, supra; Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1 Cir. 1991).
Goldsberry entered into letter agreements with the working interest owners of a number of well sites, including the subject Goldsberry # 1 well site. Goldsberry and the plaintiffs employer, Energy, executed a Model |/Turnkey Contract under which Energy assumed all duties of the drilling operations at the Goldsberry # 1 well site. For financial reasons, the Model Turnkey Contract was subsequently amended to reflect the transfer of operations from Goldsberry to Goldco. Frank Goldsberry, III, who is the vice-president of both Goldsberry and Goldco, submitted an affidavit that attested to these facts.
On June 1, 2005, Goldco assumed the operations of all existing wells from Golds-berry. Shortly thereafter, Goldco took over the operations of all proposed wells, including Goldsberry # 1, for the working interest owners. Goldco then entered into a turnkey contract with Energy Drilling to perform the drilling operations. Under this contract, Energy was to conduct the drilling operations on Goldsberry # 1 well site for Goldco. Goldco entered into an agreement for the drilling of test wells in Caddo Parish prior to the contracting with Energy Drilling.
Based on the aforementioned facts and relevant law, we find that Goldco is the principal and that it contracted Energy to perform work that the working interest owners contracted Goldco to perform. Therefore, Goldco has met its burden of proof as a statutory employer and is protected by the “two contract” statutory employer defense. The trial court was correct in granting summary judgment.
CONCLUSION
Finding no error in the granting of Goldco’s motion for summary judgment, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.