SUSAN M. CHEHARDY, Judge.
12Appellant, Eddie Adam Daigle, appeals the judgment of the Office of Worker’s Compensation in favor of appellee, Paul Murray and/or Murray Development, LLC, which dismissed his case with prejudice. For the following reasons, we affirm.
Murray Development, LLC (hereinafter “Murray”) purchased real estate on Brandon Hall Street in Destrehan, Louisiana. Paul Murray, who is a member of Murray Development, LLC, verbally contracted with James McGee, owner of McGee Backhoe and Dozer Service (hereinafter “McGee”), to clear the land of trees. On April 24, 2005, McGee began clearing the trees from the lot using a backhoe.
On April 25, 2005, McGee hired claimant, Eddie Daigle (hereinafter “Daigle”) to cut the felled trees for easier removal. Daigle, who is usually employed as a truck driver for McGee, reported to the jobsite and began cutting trees. Within two hours, Daigle was injured when McGee’s backhoe operator dropped a tree near him. Daigle suffered multiple “green stick” fractures of his | -¡leg. McGee, who was not *6 on-site when the accident occurred, returned and transported Daigle to a local hospital.
Daigle underwent surgery on the day of the accident, and remained in Ochsner Foundation Hospital until May 5, 2005. After a number of procedures, Daigle had metal rods, plates, and screws inserted into his leg to stabilize the bones and enable healing.
McGee paid Daigle $400.00 a week for three weeks after the accident. McGee has not paid further compensation or medical benefits to Daigle.[1] McGee testified that he telephoned the office of Murray Development “about three days” after the accident to tell them about the forthcoming claim. Murray introduced a copy of an internal memorandum dated May 25, 2005 that documented the first report to Murray of this incident. It is undisputed that Daigle has not returned to work since that accident.
On July 6, 2005, Daigle filed a Disputed Claim for Compensation with the Office of Workers’ Compensation naming McGee as his employer and Paul Murray and Murray Development, LLC (hereinafter “Murray”) as “Client of his employer.” Murray filed its Answer and General Denial on May 17, 2006.
On May 28, 2008, trial commenced. At the close of claimant’s case, Judge Grout granted Murray’s Motion for Involuntary Dismissal. In the written Judgment signed June 25, 2008, the trial judge found that the claimant, Daigle, failed to prove by a preponderance of evidence that he was either a direct or statutory employee of Murray. It is this judgment that Daigle now appeals.[2]
|4On appeal, Daigle alleges two assignments of error: first, the trial court failed to recognize Murray’s obligation, whether legal or contractual, to provide Daigle with workers’ compensation coverage and, second, the trial court erred in refusing to consider Murray’s quasi-contractual obligation to provide Daigle with workers’ compensation coverage.
Factual findings in workers’ compensation cases are subject to the manifest error standard of appellate review. In applying the manifest error, the appellate court must determine not whether the trier of fact was wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551, 556.
At trial, the parties stipulated that Dai-gle was the direct employee of McGee Backhoe and Dozer Services. Therefore, the question before this Court is whether the trial court erred in finding that Daigle was not the statutory employee of Murray.
Statutory employment is governed by La. R.S. 23:1061, which reads, in pertinent part:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any “principal” as defined in R.S. 23:1032(A)(2), undertakes to exe *7 cute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the “contractor,” for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; .... For purposes of this Section, work shall be considered part of the principal’s trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
|s(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.
(3)Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor’s employees ... unless there is a written contract between the principal and a contractor which is the employee’s immediate employer ... which recognizes the principal as a statutory employer ....
In the workers’ compensation context, “the word ‘principal’ shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.” La. R.S. 23:1032(A)(2).
In sum, there are two bases for finding statutory employment: first, being a principal in the middle of two contracts, referred to as the “two contract theory,” see La. R.S. 23:1061(A)(2); or, second, the existence of a written contract recognizing the principal as the statutory employer, see La. R.S. 23:1061(A)(3).[3]
First, we address the written contract theory. Here, based on the testimony at trial, it is clear that Murray did not have a written contract with McGee for the work being performed. More importantly, it is clear that Murray did not agree in writing that he or his company would be the statutory employer of McGee or his employees, including Daigle. Under La. R.S. 23:1061(A)(3), we see no error in the trial court’s ruling on this basis.
Second, we address whether the “two contract” theory applies in this case. The “two contract” theory applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in | r,order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. Beddingfield v. Standard Construction Company, 560 So.2d 490, 491-492 (La.App. 1 Cir.1990); Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412, 413 (La.App. 1 Cir.1987); Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibi *8 tion Hall Authority, 02-1072 (La.4/09/03), 842 So.2d 373, 379.
Daigle argues vehemently that the “two contract” theory applies to this case. Daigle argues that the first contract arose when Murray Development as the owner of the land (the third party) contracted with Paul Murray, as general contractor (the principal), to develop this lot (work to be performed). Daigle argues that the second contract arose when Paul Murray, as general contractor, hired McGee to clear the land, which was part of the work necessary to fulfill his contractual obligation to develop this land. While we find Daigle’s argument to be interesting, we are not persuaded.
In this case, Murray is an architect who holds a general contractor’s license. His development company owned the land where the accident occurred. Murray also testified that he was acting as the general contractor of the project.
Here, the trial judge found that Daigle had not proven by a preponderance of evidence that Murray was his statutory employer under the “two contract” theory. We cannot say that his ruling was clearly wrong. After reviewing the record, we do not find adequate support for Daigle’s contention that Murray was acting as both “principal” and “third party” under the law. The trial testimony indicated that Murray was acting as the head of Murray Development when he contracted directly with McGee to clear the land for development purposes. Like the trial judge, we are not inclined to insert another identity, or contractual layer, into this |7factual situation. Accordingly, we find no error in the trial court’s ruling on Daigle’s employment status.
Finally, Daigle asks this Court to recognize a “quasi-contractual” obligation on Murray’s part to provide Daigle with workers’ compensation coverage. We cannot find support in our workers’ compensation jurisprudence or statutes for this relief. Accordingly, there is no error in the trial court’s refusal to grant relief on this basis.
In conclusion, we cannot say that the trial judge erred in finding that Murray was not Daigle’s statutory employer and, therefore, not responsible for payment of workers’ compensation benefits to Daigle. The lower court judgment is affirmed.

AFFIRMED.

. The record reflects that Mr. McGee filed for bankruptcy but his petition was rejected for incomplete disclosure of assets. The record further supports that McGee continued to perform bulldozer and backhoe work without workers' compensation insurance on his employees as recently as May 23, 2008.

. Judge Grout also held that McGee was responsible for payment of workers' compensation and indemnity benefits to Daigle. That ruling is not the subject of this appeal.

. La. R.S. 23:1061 was amended by Acts 1997, No. 315, §§ 1 and 2 to read as reflected above.