WILLIAMS, J.
 

 | [Plaintiffs, Bonita Dugan and Terrance Mason, appeal the district court’s grant of summary judgment in favor of the defendants, Waste Management of Louisiana, LLC and ACE American Insurance Company. For the following reasons, we affirm. However, we remand this matter to the district court with instructions to address plaintiffs’ claims pertaining to Waste Management, Inc.
 

 FACTS
 

 On June 15, 2007, at approximately 9:00 a.m., Lamare Kindle and Wallace P. Bradley were killed in a collision between a garbage truck registered to Waste Management, Inc. and a Union Pacific freight train in Morehouse Parish. Waste Management National Services, Inc., on behalf of Waste Management, Inc. and its subsidiaries, had entered into a “contingent labor supplier agreement” with C.P.S.T., Inc. (“CPST”), a temporary employment agency, for CPST to provide personnel to Waste Management, Inc. and its subsidiaries. Bradley, the driver of the garbage truck involved in the collision, was employed by Waste Management of Louisiana, LLC (“Waste Management, LLC”); CPST was the immediate employer of Kindle, the passenger in the truck.
 

 
 *1265
 
 On the day of the accident, Bradley and Kindle were performing residential garbage collection and disposal services. After making approximately 200 stops, Bradley approached the railroad crossing on LA Hwy 834, failed to yield to flashing red lights and attempted to cross the railroad tracks. A collision ensued, and Bradley and Kindle were killed. The Louisiana State Police officer who investigated the accident attributed 12the cause of the accident to Bradley’s “inattentiveness.”
 

 On March 12, 2008, Kindle’s parents, Bonita Dugan and Terrance Mason, filed a wrongful death/survival action, naming Waste Management, Inc., ACE American Insurance Company (“ACE”) and the Unopened Succession of Wallace P. Bradley (“Unopened Succession”) as defendants. Plaintiffs alleged that “[t]he sole cause of the ... accident was the negligence of Wallace P. Bradley for whom Waste Management, Inc. is solidarily liable[J” Plaintiffs also alleged that Waste Management, Inc. was negligent and/or strictly liable and/or acted intentionally “in owning, having custody of and allowing the operation of the ... garbage truck in an unreasonably dangerous and defective condition[,] consisting of inadequate and/or inoperable brakes of which it knew or should have known which prevented [Bradley] from stopping said vehicle at said railroad crossing.”
 

 Waste Management, LLC filed an answer, stating that it had been “incorrectly referred to as Waste Management, Inc.” in the petition. Waste Management, Inc. did not file an answer to the petition and has not appeared in these proceedings.
 

 Waste Management, LLC and ACE moved for summary judgment, arguing that Waste Management, LLC was Kin-die’s statutory employer under the “two contract theory,” therefore, workers’ compensation was plaintiffs’ exclusive remedy. In the alternative, Waste Management, LLC argued that it was Kindle’s “special employer” under the “borrowed employee” rule. The district court granted summary judgment in favor of | ^defendants, dismissing plaintiffs’ claims. Plaintiffs appeal.
 
 [1]
 

 DISCUSSION
 

 Plaintiffs contend the district court erred in granting summary judgment. They argue that genuine issues of material fact exist with regard to whether Kindle was the statutory or borrowed employee of Waste Management, LLC.
 

 A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant.
 
 Samaha v. Rau,
 
 2007-1726 (La.2/26/08), 977 So.2d 880;
 
 Duncan v. USAA Ins. Co.,
 
 2006-363 (La.l1/29/06), 950 So.2d 544; See also LSA-C.C.P. art. 966. Appellate courts review summary judgments
 
 de novo,
 
 while considering the record and all reasonable inferences drawn from the record in the light most favorable to the nonmovant.
 
 Hines v. Garrett,
 
 2004-0806 (La.6/25/04), 876 So.2d 764;
 
 Austin v. Bundrick,
 
 41,064 (La.App.2d Cir.6/30/06), 935 So.2d 836. Summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(1). In
 
 Hines, supra,
 
 our supreme court stated:
 

 In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but [is] to
 
 *1266
 
 determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of a legal dispute. A genuine | tissue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate.
 

 Id.
 
 at 765-66.
 

 The burden of proof remains with the movant. LSA-C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.
 
 Id.
 
 Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 
 Id.
 

 Except for intentional acts, workers’ compensation is the exclusive remedy for work-related injuries and illnesses. LSA-R.S. 23:1032;
 
 Kelly v. CNA Ins. Co.,
 
 98-0454 (La.3/12/99), 729 So.2d 1033;
 
 McGinnis v. Waste Management of Louisiana LLC,
 
 40,330 (La.App.2d Cir.10/26/05), 914 So.2d 612. The exclusive remedy provision of the workers’ compensation statute precludes an employee from filing a lawsuit for damages against “his employer, or any principal ... or employee of such employer or principal[.]” LSA-R.S. 23:1032(A)(l)(a);
 
 Naiman v. Goldsberry Operating Company, Inc.,
 
 43,266 (La. App.2d Cir.6/11/08), 987 So.2d 326. LSA-R.S. 23:1032(A)(2) defines “principal” as “any person who undertakes to execute any work which is a part of his trade, business, or occupation in |5which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.”
 

 In some instances, an employer may be deemed the statutory employer of a worker that it does not directly employ. LSA-R.S. 23:1061(A) provides, in pertinent part:
 

 (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any “principal” as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the “contractor,” for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032[.]
 

 [[Image here]]
 

 (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor’s employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer[.]
 

 In sum, there are two bases for finding statutory employment: (1) being a principal in the middle of two contracts, referred to as the “two contract theory,” or, (2) the existence of a written contract recognizing the principal as the statutory employer. See, LSA-R.S. 23:1061(A);
 
 Daigle v.
 
 
 *1267
 

 McGee Backhoe and Dozer Service,
 
 2008-1183 (La.App. 5th Cir.4/28/09), 16 So.3d 4,
 
 writ denied,
 
 2009-1372 (La.10/2/09), 18 So.3d 113.
 

 We first note that plaintiffs are correct in their assertion that Waste Management, LLC is not a statutory employer pursuant to LSA-R.S. 23:1061(A)(3). The written contract between Waste Management, Inc. and | fiCPST did not recognize the employees of CPST as statutory employees of Waste Management, Inc. or its subsidiaries. Thus, the facts required for LSA-R.S. 23:1061(A)(3) to apply are not present in this case.
 

 However, Waste Management, LLC argues that it is immune from tort liability under the “two contract” theory. Plaintiffs argue that the “two contract” theory does not apply because the contract between Waste Management, Inc. and its subsidiaries and CPST did not specifically state that it was in furtherance of Waste Management, LLC’s contract with the Morehouse Parish Police Jury (“Police Jury’).
 

 The “two contract” defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed.
 
 Allen v. State ex rel Ernest N. Morial-New Orleans Exhibition Hall,
 
 2002-1072 (La.4/9/03), 842 So.2d 373, citing Wex S. Malone,
 
 Principal’s Liability for Workmen’s Compensation to Employees of Contractor,
 
 10 La.L.Review, 25, 27 (1949);
 
 Beddingfield v. Standard, Const. Co.,
 
 560 So.2d 490 (La.App. 1st Cir.1990);
 
 Aetna Cas. & Surety Co. v. Schwegmann Westside Expressway, Inc.,
 
 516 So.2d 412 (La. App. 1st Cir.1987). Thus, the “two contract” statutory employer defense contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task, a subcontractor hired by that general contractor, and an employee of the subcontractor.
 
 Naiman, supra; Daigle, supra; Legros v. Norcen \1Exploration, Inc.,
 
 583 So.2d 859 (La.App. 1st Cir.1991).
 

 In the instant case, in support of its motion for summary judgment, Waste Management, LLC submitted the contract between it and the Police Jury, as well as the “Contingent Labor Supplier Agreement” between Waste Management National Services, Inc., on behalf of the subsidiaries of Waste Management, Inc. and CPST. The agreement between Waste Management, LLC and the Police Jury provided that Waste Management, LLC would “collect and dispose of residential solid waste in Morehouse Parish, Louisiana.” Pursuant to the terms of its contingent labor agreement with Waste Management, Inc. and its subsidiaries (the principal), CPST agreed to “furnish to [Waste Management, Inc. and its subsidiaries] ... such full and part time Personnel specified by [Waste Management, Inc. and its subsidiaries] from time to time for the orderly operation of its business.”
 

 Our review of the record reveals the following undisputed facts: Waste Management, LLC entered into a contract with the Police Jury; pursuant to that contract, work had to be performed,
 
 ie.,
 
 the collection and disposal of residential waste; in order for Waste Management, LLC to fulfill its contractual obligation, it entered into a subcontract with CPST; CPST furnished personnel to perform the work. Contrary to plaintiffs’ argument, there is nothing in the statute or jurisprudence that requires that the contract between Waste Management, Inc. and CPST expressly provide that it was entered into “in furtherance of’ the contract with the Po
 
 *1268
 
 lice Jury. Therefore, we find that Waste Management, LLC met its burden of proving that it was a statutory employer in this case, and is therefore protected by the “two ^contract” statutory employer defense. The district court was correct in granting summary judgment.
 

 Plaintiffs also contend the district court erred in granting summary judgment in favor of Waste Management, Inc. Plaintiffs argue that the garbage truck involved was owned by Waste Management, Inc., and the brakes on the truck were defective. Waste Management, LLC argues that Waste Management, Inc. cannot be held responsible for any claims asserted by plaintiffs because it is merely a holding company with “an indirect ownership interest” in the operating companies, such as Waste Management, LLC. According to Waste Management, LLC, Waste Management, Inc. does not own, operate, maintain or control any garbage truck used by Waste Management, LLC and has no control over the employees of Waste Management, LLC.
 

 Our review of the record reveals that the accident report lists “Waste Management, Inc.” as the owner of the garbage truck at issue. Additionally, the insurance policy for the garbage truck, issued by ACE, lists “Waste Management, Inc.” as the named insured.
 

 Nevertheless, we find that plaintiffs’ assertion that the district court granted summary judgment in favor of Waste Management, Inc. is inaccurate. The first judgment, signed on October 4, 2009, granted summary judgment in favor of “Ace.” On October 15, 2009, the district court signed a “Clarified Judgment,” granting summary judgment in favor of “Ace American Insurance Company & Waste Management of La, LLC.” Another “Clarified Judgment-Restated” was issued by the court on 19November 25, 2009, which granted summary judgment in favor of “Wanda Bradley,” presumably on behalf to the Unopened Succession of Wallace P. Bradley. As stated above, Waste Management, Inc. has not appeared in these proceedings, and no judgment has been rendered with regard to Waste Management, Inc. Therefore, the arguments concerning Waste Management, Inc. are not ripe for appeal, as they have not been ruled upon by the trial court.
 

 CONCLUSION
 

 For the reasons set forth herein, we affirm the district court’s grant of summary judgment in favor of Waste Management of Louisiana, LLC, ACE American Insurance Company and the Unopened Succession of Wallace P. Bradley. Costs of the appeal are assessed to the plaintiffs, Bonita Dugan and Terrance Mason. We hereby remand this matter to the district court with instructions to address any remaining claims plaintiffs may have with regard to Waste Management, Inc.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . The Unopened Succession also moved for summary judgment, which was granted by the district court. Plaintiffs do not appeal the judgment rendered in favor of the Unopened Succession; therefore, that judgment is final and will not be addressed.