# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

No. 11-30614
Summary Calendar

Lyle W. Cayce
Clerk

JONATHAN NIELSEN,

Plaintiff-Appellant,

v.

GRAPHIC PACKAGING INTERNATIONAL, INCORPORATED,

Defendant-Appellee,

v.

LOUISIANA WORKERS COMPENSATION CORPORATION,

Intervenor Plaintiff-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-1757

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Jonathan Nielsen appeals the district court's grant of summary

judgment in favor of Appellee Graphic Packaging International, Incorporated

(GPI). Because the district court did not err in holding that GPI, as Nielsen's

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th
Cir. R. 47.5.4.

statutory employer, is immune from tort liability to Nielsen under Louisiana Workers' Compensation Act, we AFFIRM.

## I. BACKGROUND

In 2003 or 2004, Konecranes, Inc. (Konecranes) approached Nielsen about the opportunity to work on crane repairs. Konecranes called Nielsen to inform him where to arrive, what time to arrive, and what training was required. However, Konecranes routed Nielsen's employment process through Clayton Adminsitrative, Inc. (CAI).

Konecranes used CAI's services to pay part of its workforce, including Nielsen. There was no written agreement between Konecranes and CAI regarding Nielsen's work. Konecranes determined Nielsen's rate of pay. Konecranes authorized Nielsen's timesheet, kept a copy, and sent it to CAI. CAI wrote Nielsen's paychecks. Konecranes paid its employees every two weeks; Nielsen got paid every week. Nielsen's supervisors, Brad Howard and Ken Lofton, were employed by Konecranes. Nielsen had a supervisor at CAI, Karen Darosha, but Nielsen never met her in person.

In September 2008, Konecranes entered into a written contract with GPI to repair GPI's cranes in exchange for $6000. Section 13 of the GPI-Konecranes contract established a statutory employer relationship between GPI and Konecranes' direct and statutory employees:

> If services are to be performed at [GPI's] facilities in . . . Louisiana, it is agreed that pursuant to the provisions of Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the parties hereto that the relationship of [GPI] to the direct employees and the statutory employees of [Konecranes] be that of a statutory employer.

On September 23, 2008, Nielsen was injured while repairing cranes at GPI's facility. The day after the accident, Konecranes gave Nielsen an incident

report to fill out. Brad Howard, Nielsen's supervisor at Konecranes, contacted Nielsen expressing concern about what legal action Nielsen was going to take.

One year later, Nielsen filed suit against GPI in Louisiana state court. GPI removed the case to federal court on the basis of diversity jurisdiction.[1] GPI filed a motion for summary judgment on the ground that Section 13 of the GPI-Konecranes contract immunized GPI from the alleged tort liability to Nielsen because it established GPI as Nielsen's statutory employer (by virtue of Nielsen being Konecranes' employee). The district court granted GPI's motion for summary judgment and this appeal followed.

## II. DISCUSSION

We review the district court's grant of summary judgment *de novo*. *See Shocklee v. Mass. Mut. Life Ins. Co.*, 369 F.3d 437, 439 (5th Cir. 2004). Summary judgment is proper if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Nielsen argues that the district court erred in finding that he was a direct employee of Konecranes and, correspondingly, a statutory employee of GPI. As set forth below, this argument is without merit.

Under the Louisiana Workers' Compensation Act, La. Rev. Stat. § 23:1032, "an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and may not sue his

---

[1.] Subsequently, Louisiana Workers' Compensation Corporation ("LWCC") filed a motion to intervene stating that Nielsen had received workers' compensation payments from LWCC as a result of his September 23, 2008 injuries. LWCC is not a party to the current suit. The district court dismissed LWCC's motion to intervene stating that, because Nielsen's claim for injuries against GPI had been dismissed there was no underlying suit. LWCC subsequently filed notice of appeal. LWCC's claim remains unresolved.

employer, or any principal, in tort." *St. Angelo v. United Scaffolding, Inc./X-Serv., Inc.*, 40 So. 3d 365, 368 (La. Ct. App. 2010) (citation omitted); *see also* La. Rev. Stat. §§ 23:1061, 23:1032; *Prejean v. Maint. Enterprises, Inc.*, 8 So. 3d 766, 770 (La. Ct. App. 2009), *writ denied*, 11 So. 3d 496 (La. 2009). "The Act applies both to a direct employer/employee relationship, as well as to a statutory employer/employee relationship." *Labranche v. Fatty's, LLC*, 48 So. 3d 1270, 1272 (La. Ct. App. 2010). Simply put, a statutory employer/employee relationship can arise when, in conformance with La. Rev. Stat. § 23:1061, a principal hires a contractor to perform services that are part of the principal's business; in this situation, the principal can become the statutory employer of the contractor's employees.

Here, it is undisputed that, under Section 13 of the GPI-Konecranes contract, GPI was the statutory employer of Konecranes' direct and statutory employees. The parties dispute, however, whether Nielsen constituted a direct or statutory employee of Konecranes. Nielsen argues that he was neither a direct nor a statutory employee of Konecranes. Instead, Nielsen contends that he was an employee of CAI. According to Nielsen, because Section 13 of the GPI-Konecranes contract did not apply to CAI employees, he is not barred by the Workers' Compensation Act from pursuing this tort action against GPI. GPI counters that Nielsen was an employee of Konecranes and, therefore, is prohibited from pursuing this action against GPI by Section 13 of the GPI-Konecranes contract and Louisiana's Workers' Compensation Act.

Louisiana courts generally evaluate the existence of an employee-employer relationship by looking to factors indicating that the employer has the right to control the employee, including "(1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control." *Felan v. F & F Trucking, Inc.*, 708 So. 2d 430, 434 (La. Ct. App. 1998), *writ denied*, 717 So. 2d

4

1172 (La. 1998). We agree with the district court's conclusion that these factors indicate that Nielsen was a direct employee of Konecranes.

First, Konecranes selected Nielsen as an employee by calling him and informing him about this particular job at GPI. Second, Konecranes determined Nielsen's rate of pay, had the right to give Nielsen a raise, authorized Nielsen's paycheck, and kept records of Nielsen's timesheets. The fact that Nielsen's paychecks came from CAI is insufficient to overcome the control exercised by Konecranes over Nielsen's wages. Third, CAI was not permitted to unilaterally terminate Nielsen's employment; any such termination needed to be approved by Konecranes. Thus, Konecranes, not CAI, held the power to dismiss Nielsen. Fourth, Nielsen's supervisors were Konecranes' employees. Though Nielsen had a supervisor at CAI whom he never met in person, Nielsen maintained contact with only his Konecranes' supervisors after the accident giving rise to this action. The power to control Nielsen thus rested with Konecranes.

Accordingly, we hold that the district court did not err in concluding that: (1) Nielsen was a direct employee of Konecranes; and (2) GPI, as Nielsen's statutory employer, was immune from the tort liability alleged by Nielsen in this action. The district court's judgment is AFFIRMED.