# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2020

Lyle W. Cayce
Clerk

No. 19-30940

BRANDON MORRIS,

*Plaintiff—Appellant*,

*versus*

GRAPHIC PACKAGING INTERNATIONAL, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-266

Before HIGGINBOTHAM, JONES, and HIGGINSON, *Circuit Judges*.
PER CURIAM:*

While working for Graphic Packaging International ("GPI"), Brandon Morris was injured on the job site and later sued GPI in tort. GPI contends that, since Morris is a statutory employee, workers' compensation provides Morris's only remedy. The district court granted summary

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30940

judgment for GPI and denied Morris's Motion for Partial Summary Judgment. Morris appeals and we affirm.

This court reviews the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *DePree v. Saunders*, 588 F. 3d 282, 286 (5th Cir. 2009). Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

In January 2018, GPI, a paper manufacturer, and Morris's employer, ML Smith, Jr., L.L.C. ("ML Smith") entered into a written contract ("Purchase Order"). The Purchase Order contained a document outlining terms and conditions. The terms and conditions form stated the requirement that ML Smith carry workers' compensation insurance and that GPI would be the statutory employer of ML Smith's employees. *Id.*

A month later, Morris was assembling a new black liquor reclaim tank when he stepped in brown or black fluid on the ground. Morris sustained chemical burns on both his feet and has received benefits from Zurich American Insurance Company ("Zurich"), the insurer that issued ML Smith's workers' compensation policy.

A little less than a year after his injuries, Morris filed suit against GPI in the Fourth Judicial District Court, Ouachita Parish, Louisiana. GPI removed the case to federal court under diversity jurisdiction. The district court granted summary judgment for GPI and denied Morris's Motion for Partial Summary Judgment. Morris timely appealed. Zurich was an intervenor at the district court level, but has not appealed the ruling to this court.

Under Louisiana law, workers' compensation is the exclusive remedy in situations such as this one if the employee is a statutory employee. LA.

No. 19-30940

STAT. ANN. § 23:1061 (2019). The terms of statutory employment are set out by Louisiana Revised Statutes § 23:1061(A)(3):

> [A] statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

LA. STAT. ANN. § 23:1061 (2019).

In short, a worker is a statutory employee of the principal (here, GPI) if the employment relationship is formed with a written contract, and the employee is hired to perform services that are an integral part of the employer's business.

In this appeal, Morris contends that an unsigned writing – here, a Purchase Order with attached terms and conditions – cannot qualify as a written contract as required under Louisiana law for statutory employees. Morris also contends that the *construction* of a reclaim tank is not an integral part of GPI's business, even though the *use* of the reclaim tank is an integral part of GPI's business. We reject both claims.

### I. The Purchase Order satisfies the written contract requirement.

"Except for intentional acts, workers' compensation is the exclusive remedy for work-related injuries and illnesses." *Dugan v. Waste Mgmt., Inc.*,

No. 19-30940

45-407-CA (La. App. 2 Cir. 6/23/10); 41 So.3d 1263, 1266 (citing LA. STAT. ANN. § 23:1032).  This statute applies if the worker is a statutory employee of a principal.[1] LA. STAT. ANN. § 23:1061.  Under this statute, a statutory employment relationship exists when a principal hires a contractor, in conformance with § 23:1061, to perform services that are a part of the principal's business and a written contract exists between the principal and contractor that recognizes the principal as a statutory employer. LA. STAT. ANN. § 23:1061.

The Purchase Order is a "written contract" as required by Louisiana Revised Statutes 23:1061(A)(3) because it contains a clear written expression that GPI was Morris's statutory employer.  The Purchase Order states, in relevant part, "SECTION 13: STATUTORY EMPLOYMENT: If services are to be performed at [GPI's] facilities in the state of Louisiana, it is agreed that pursuant to the provisions of Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the parties hereto that the relationship of … [GPI] to the direct employees and the statutory employees of [ML Smith] (contractor) be that of a statutory employer."  This court has before recognized that this identical language was sufficient to recognize a statutory employment relationship.  *Nielsen v. Graphic Packaging Int'l, Inc.*, Civil Action No. 09-1757, 2011 WL 2462496 (W.D. La. June 17, 2011) *aff'd*, 469 F. App'x 305 (5th Cir. 2012).[2]

---

[1] A principal is defined as "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." LA. STAT. ANN. § 23:1032.

[2] Although *Nielsen* is an unpublished opinion and is not therefore binding on this court, it is useful evidence of this court's treatment of this issue because of the factual similarity.

While Morris contends that the contract is invalid because it was unsigned, the plain text of the Louisiana statute in question does not require a signed writing, it just requires a "written contract." LA. STAT. ANN. § 23:1061 (A)(3). Under Louisiana law, the offer and acceptance may be oral, and acceptance can be through performance, as it was here. LA. CIV. CODE ANN. art. 1927 ("Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent."). Further, the validity of the written contract was not at issue because, per the opening paragraph of the Purchase Order, performance constitutes acceptance. ("Acknowledgement, shipment or performance of any part of this Purchase Order will constitute acceptance by Seller of all Terms and Conditions hereof, including all documents incorporated herein by reference").

Therefore, while the Purchase Order was unsigned, it was a written contract that was accepted through performance and is a binding contract.

**II. Morris's work in the construction of the reclaim tanks is an integral and essential part of GPI's business.**

Once a principal has shown that a written contract has provided for a statutory employment relationship, there is a rebuttable presumption of statutory employment that can be overcome only by showing that the work is not an "integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." LA. STAT. ANN. § 23:1061 (A)(3); *see also Everitt v. Rubicon, Incorporated*, 2004-1988 (La. App. 1 Cir. 6/14/06); 938 So.2d 1032 ("[T]he legislature has now shifted the burden of proof to the employee to rebut the presumption of a statutory employer relationship where a written contract recognizes such a relationship, and the statute specifies the burden the employee must meet in order to rebut the presumption."). Morris contends that he can meet his

burden to show that the work he was performing was not an integral part of or essential to the ability of GPI to generate its goods, products, and services. LA. STAT. ANN. § 23:1061 (A)(3); *Jackson v. St. Paul Ins. Co.*, 2004-0026, (La.App. 1 Cir. 12/17/04); 897 So.2d 684, 688, *writ denied*, 2005-0156 (La.3/24/05), 896 So.2d1042.

According to an affidavit sworn by a GPI manufacturing manager, black liquor reclaim tanks, such as the one Morris was working on, are an "integral part of and essential to GPI's ability to produce its paperboard products from both a continuous process perspective, as well as from an economic and environmental perspective." Morris responds that, while the *use* of the tanks is an integral part of GPI's business, the *construction* of those tanks is not an integral part of GPI's business. Not so. Louisiana appellate courts have recognized that the statutory employer test is liberal and expansive, and for example held that the *construction* of a new fractionation plant was an essential part of a chemical company's business. *See Jackson v. St. Paul Ins. Co.*, 2004-0026, (La.App. 1 Cir. 12/17/04); 897 So.2d 684, 688-89, *writ denied*, 2005-0156 (La.3/24/05), 896 So.2d 1042 ("[T]he legislature has specifically rejected a restrictive analysis in favor of a more liberal interpretation of the words 'integral' and 'essential.'"); *Applegarth v. Transamerican Ref. Corp.*, 00-1547 (La. App. 5 Cir. 2/28/01), 781 So. 2d 804, 807, *writ denied*, 2001-0834 (La. 5/11/01), 792 So. 2d 738 (After "[c]onsidering the history of the legislative responses to the restriction of statutory employee status by the courts, we conclude that [the legislature] intended the section to apply to new construction" in at least some circumstances, and therefore constructing "a retaining wall around the oil tanks and laying cement forms for the installation of pipe racks is essential to the ability of the refinery to generate its goods, products, or services.")

Since it is undisputed that the *use* of black liquor tanks is an integral and essential part of GPI's business, and Louisiana courts have classified the

new construction of an integral part of a company's business as itself an integral part of the company's business, we agree with the district court's conclusion that the construction of black liquor reclaim tanks is an integral part of GPI's business. *See* LA. STAT. ANN. § 23:1061 (A)(3). Morris has not met his burden to rebut the written contract establishing a statutory employer relationship, and consequently, GPI was Morris's statutory employer.

### III. Conclusion

As Morris's statutory employer, GPI is immune from Morris's tort claims and his exclusive remedy is workers' compensation. Accordingly, the judgment of the district court is **AFFIRMED**.